## James R. Cobb *vs.* Mary Fisher.

Bristol.    October 25.—'27, 1876.    Devens & Lord, JJ., absent.

A writing, not under seal, signed by an owner of land, purporting to convey the right of flowing the same, and to release all claims for damages therefor, does not bind the land, or estop a subsequent grantee to recover damages for the flowing thereof in the future.

COMPLAINT under the mill act, Gen. Sts. *c.* 149. The answer set up that the respondent had a right to flow without any compensation to the complainant, because of a perpetual release and full satisfaction of all present and future damages therefor, by the former owner of the land described in the complaint; and relied upon the following paper in support thereof, recorded in the registry of deeds: " Mansfield, April 1, 1847. Know all men by these presents: That I, Warren Cobb, of Mansfield, in the County of Bristol, yeoman, in consideration of forty dollars to me paid by Daniel Fisher, of said Mansfield, in the county of Bristol, yeoman, do sell to the said Fisher all the right of flowage on the land I had of Stillman Cobb as high as usual and no higher; and in consideration of the above named sum neither myself nor my heirs, administrators or assigns shall ever claim any further damage. Warren Cobb."

At the trial in the Superior Court, before *Allen*, J., it appeared that Warren Cobb, the signer of the paper, continued to own the land, alleged to be flowed, until his death in 1852; that the complainant derived her title, by mesne conveyances, from him; that in none of the deeds was any mention made of a right of flowage, and there was no evidence that any of the parties to the deeds knew the nature of said writing; that the respondent took her title to the mill and dam under Daniel Fisher, mentioned in said paper, and did not by her dam flow the complainant's land higher than the limit mentioned therein.

The judge ordered a verdict for the respondent, and reported the case for the consideration of this court. If the writing was a bar to the complaint, the verdict was to stand; if not, a verdict to be entered for the complainant.

*J. H. Dean*, for the complainant.

*G. Marston*, for the respondent.

GRAY, C. J. The writing, signed by the former owner of the land flowed, bound him personally, as a release of his own claim for pecuniary damages. *Seymour* v. *Carter*, 2 Met. 520. *Smith* v. *Goulding*, 6 Cush. 154. But it could not bind the land, nor estop subsequent grantees of the land to recover damages for the flowing thereof in the future, because it was not under seal. *Fitch* v. *Seymour*, 9 Met. 462. *Stevens* v. *Stevens*, 11 Met. 251. *Craig* v. *Lewis*, 110 Mass. 377. *Snow* v. *Moses*, 53 Maine, 546. Acording to the terms of the report the verdict for the respond ent must be set aside, and a

*Verdict entered for the complainant.*