SAMUEL D. WARREN & another, trustees, *vs.* DANIEL CAREY.

Middlesex.    March 4; September 20. — 22, 1887.

In an action, the answer to which is a general denial only, for the obstruction of an ancient watercourse, caused by placing a pipe in the defendant's land while the adjoining land was owned by C., the plaintiff's grantor, evidence that C., after his deed to the plaintiff, told a third person that the pipe was an improvement on the old drain, and that he assented to the putting in of the pipe, is inadmissible, although the plaintiff holds the land in trust, and C. is one of the *cestuis que trust;* and evidence that C., when informed by the defendant that he contemplated putting in the pipe, told him to do so and he would bear part of the expense, and that he subsequently paid a part of such expense, is also inadmissible.

TORT for the obstruction of an ancient watercourse, described in the declaration as an "ancient rivulet or stream," which had existed beyond the memory of man.   Answer, a general denial. Trial in the Superior Court, before *Thompson*, J., who allowed a bill of exceptions, in substance as follows :

The evidence showed that the plaintiffs held the land which was alleged to be damaged by the obstruction of the watercourse under a quitclaim deed of trust from one Henry M. Clarke, in trust for himself and others, and that they brought this action as such trustees; that said land lay west of and adjacent to land of the defendant, and that a ditch, with defined banks and bed, and of varying width, had for more than twenty years before the doing of the act complained of run across the land now owned by the plaintiffs, in an easterly direction across land of the defendant; that in 1879, while the title to said land of the plaintiffs

was in Clarke, the defendant put a pipe through and under his land, substantially within the walls of the old ditch, which pipe took the water from the ditch on the plaintiffs' land and emptied it into the old ditch, at the easterly side of the defendant's land.

The plaintiffs contended that this pipe carried the water less freely than in the open ditch in which the pipe was laid, and obstructed the free flow of the surface water from their land; but upon this point the evidence was conflicting.

The defendant asked a witness whether Clarke ever told him that the pipe was an improvement on the old drain; but, upon the plaintiffs' objection, the judge excluded the question. The defendant then asked the witness whether Clarke had ever told him that he, Clarke, assented to the putting in of the pipe; and this question was also excluded.

The defendant then offered to show that, previously to his putting in the pipe in question, he went to see Clarke and told him what he contemplated doing, and that he thought a pipe would improve the drainage, and asked Clarke to bear part of the expense; that Clarke told him to go ahead and put in the pipe, and he would pay a fair part of the expense; that the defendant, relying upon the assent and promise of Clarke, put in the pipe, and subsequently Clarke paid a part of the expense thereof. The judge excluded this evidence.

The plaintiffs took the objection, among others, to all the above evidence and offers of evidence, that, even if otherwise competent, it was not open to the defendant under his answer.

It appeared in evidence that Clarke was on the ground, and knew of the putting in of the pipe, and made no complaint.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

The case was argued at the bar in March, 1887, and was afterwards considered on the briefs by all the justices.

*H. N. Allin & G. L. Mayberry*, for the defendant.

*S. D. Warren, Jr.*, for the plaintiffs.

W. ALLEN, J. It must be taken from the terms of the exceptions, that the plaintiffs' land was injured by water set back upon it in consequence of the obstruction by the defendant upon his land of an ancient watercourse, which flowed from the

plaintiffs' land through the defendant's land. The declaration describes the watercourse as an ancient rivulet or stream, which had existed beyond the memory of man.

The exceptions state that the action was for damages for the obstruction of an ancient watercourse, and that the evidence showed that " a ditch, with defined banks and bed, and of varying width, had for more than twenty years run across the land " of the parties. No question is suggested in the exceptions as to the nature of the plaintiffs' right, and it must be taken that it was not a mere easement derived by grant from the owner of the defendant's land, but the right to have the water flow from his land in a natural watercourse.

The obstruction complained of was the filling up of the ditch, or watercourse, except so much of it as was occupied by a pipe for conducting water. The obstruction was made when Clarke was the owner of the plaintiffs' land, and has been continued since. The plaintiffs' title is from Clarke, in trust for himself and others. The declarations and admissions of Clarke made after his deed to the plaintiffs are not made competent by the fact that he is one of several *cestuis que trust*. *Pope* v. *Devereux*, 5 Gray, 409. Besides, the acts of Clarke which they were offered to prove were not competent; and the remaining exception, which is to the rejection of evidence offered to prove such acts, cannot be sustained.

So far as such acts tend to prove a license, whether by Clarke or by the plaintiffs, they are not competent, because a license is not set up in the answer. Pub. Sts. c. 167, § 20. *Hollenbeck* v. *Rowley*, 8 Allen, 473. *Ward* v. *Bartlett*, 12 Allen, 419.

If the defence of a right by grant or prescription to flow the plaintiffs' land is open under an answer of general denial, the evidence offered was not competent to prove it. It is a right to an easement in the plaintiffs' land which can be shown only by grant or prescription. The evidence was not competent to prove either. *Cobb* v. *Fisher*, 121 Mass. 169. *Craig* v. *Lewis*, 110 Mass. 377. *Fitch* v. *Seymour*, 9 Met. 462. *Morse* v. *Copeland*, 2 Gray, 302. *Stevens* v. *Stevens*. 11 Met. 251. ·

*Exceptions overruled.*