# Roberts *v.* Vest.

*Bill in Equity for Abatement of a Nuisance and for Recovery of Damages Resulting from. Overflow of Lands.*

1.  *Equity jurisdiction; right of riparian owner to maintain bill to abate nuisance causing overflow of lands.*—Where two riparian proprietors own adjacent lands and one of them, by cutting a ditch on his lands to connect with the water course. diverts the water of said stream from its natural course, causing it to overflow upon the lands of the other, resulting in damage to said land, the party injured by such wrongful diversion of the water, can maintain a bill in equity to enjoin the wrong-doer, without regard to the latter's ability to respond in damages.

2.  *Same; same; right of court of equity to award damages.*—Where, under a bill filed to protect a land owner against a constant or frequently recurring injury resulting from the wrongful diversion of water from its natural course, by an injunction requiring the abatement of the nuisance causing such diversion, a court of equity has assumed jurisdiction of the subject matter, the court, in the exercise of its authority to settle the whole controversy, can ascertain and award damages to the injured party, without remitting them to an action at law.

3.  *Same; same; rights of purchaser.*—Where one of two riparian owners of adjacent lands, by permission of the other, cuts a ditch upon his land for the drainage of surface and sipe water, which connects with a similar ditch on the adjacent tract, the servitude created is restricted to the purpose of drainage, and the former owner acquires no easement or right to cut said ditch so as to connect it with the water course, thereby diverting the waters of said stream from their natural channel, and causing them to overflow and injure the adjacent lands; and a purchaser of such adjacent lands does not take them burdened with the servitude for the unnatural flow of the stream, notwithstanding the cause of his injury was put in operation before his purchase: and upon each recurring overflow of the land purchased by him, he has the right to have the nuisance abated and damages awarded for the injuries inflicted.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed on April 15, 1898, by the appellee, Hiram N. Vest, against the appellant, Joseph M. Roberts, for the purpose of having abated an alleged nuisance consisting in the maintaining by the defendant of a ditch, in such a manner as to cause the waters of a creek to overflow the lands of the complainant to his injury. The bill averred the following facts:

During the year 1897 the complainant became seized and possessed as the lawful owner of a certain tract of land in Morgan county, which is specifically described in the bill. Said land is well adapted for agricultural purposes, and at the time of the filing of the bill, the complainant was cultivating a crop on said land. The land described in the bill is bounded on the west by a tract of land of about 40 acres, owned and under the control of the defendant. Neal's Creek, a body of running water, flowed by each of the tracts of land; said stream had a well defined bed and boundaries, and during the winter and fall seasons is the natural outlet of a large body of water. The respondent had cut a ditch from Neal's Creek, at the place where said creek enters the land occupied by the respondent, which ditch ran in a southeasterly direction to the land owned and occupied by the complainant. By reason of the existence of said ditch and by means thereof, a large quantity of the water of Neal's Creek is diverted from its natural channel in and along said ditch and upon the land of the complainant. During the years 1897 and 1898, the land of the complainant was overflowed, and by reason of being constantly overflowed from the waters of said creek, being conducted thereon through said ditch, said land has been irreparably injured and damaged, the soil of said land being washed away, and large gullies being washed in many places on the land, rendering it unfit for cultivation. The complainant then averred, on information and belief, that the respondent intended and was threatening to dam us the natural channel of Neal's Creek, so that all the waters of the creek, instead of flowing into the natural channel, would be diverted into said ditch, and

thus onto complainant's land; that the defendant had, at the time of the filing of the bill, placed obstructions in Neal's Creek for the purpose of diverting the waters therefrom onto complainant's land, which would cause irreparable injury and damage to the complainant.

The prayer of the bill was that a writ of injunction be issued, restraining the defendant from obstructing the natural channel of the creek and diverting the waters onto the land of the complainant; that the defendant be required to instantly remove the obstructions placed in said creek; that the defendant be required to immediately dam up said ditch so as to prevent the waters of Neal's Creek from entering therein and doing further damage to the land of the complainant; and that on final hearing the chancellor will adjudge and decree "that respondents shall respond in damages for the injury already done to the land of the complainant, as under the facts of this case" shall seem right. There was also a prayer for general relief.

The defendant filed an answer to the bill, in which be admitted the ownership of the land by the complainant at the time of the filing of the bill, and that he, the defendant, owned the land adjacent thereto, and that Neal's Creek flowed by each of said tracts of land; and that at certain seasons of the year said creek overflowed. In his answer the defendant also admitted having cut a small ditch upon his land to within five or six steps of the creek, and then averred that said ditch was cut many years prior to the purchase of the land by the complainant, and with the consent and concurrence of the then owner of the land; that said ditch had been upon his land in its present condition for at least ten years, except as it was widened by the natural wash caused by the overflow of the creek. The defendant denied in his answer that he had cut the ditch so as to connect it with the creek, and further averred that no water was diverted from the natural channel of Neal's Creek by reason of said ditch; but that said

ditch only carried off the water escaping from the creek in cases of overflow. The defendant denied that the land of the complainant had been injured by water being diverted from the natural channel of the creek over the complainant's property. He further denied in his answer that he intended to dam up the natural channel of the creek so as to divert the water therefrom into the ditch and on to the complainant's land, or that he had placed obstructions in said creek.

It was then averred in said answer that the ditch existed in the same condition at the time the complainant purchased the land, in full view of the complainant, and that he, the complainant, knew full well of the condition of said land, the relation it bore to the creek and the ditch when he purchased the land. The defendant also demurred to the bill upon the following grounds: "1. Said bill shows upon its face a statement of facts that would not authorize the interference of a court of equity. 2. Because there is no equity in said bill. 3. Because the statement set out in said bill shows that complainant has an adequate remedy at law for any wrong he may suffer at the hands of respondent, 4. Because a court of equity has no power to award damages for a trespass on land, and the facts set forth in said bill show a mere trespass on said land. 5. Because complainant has an adequate remedy at law, and it is not averred that respondent is insolvent."

The facts of the case disclosed by the evidence, upon the hearing, are sufficiently stated in the opinion.

Upon the final submission of the cause upon the pleadings and proof, the chancellor overruled the demurrer to the bill and decreed that the complainant was entitled to the relief prayed for, and ordered accordingly. In this decree, in addition to perpetually enjoining the defendant from obstructing the natural channel of Neal's Creek, and thereby diverting the waters on to the complainant's land and requiring that the defendant erect a permanent dam at the point where the ditch connects with said creek, he also ordered a reference to be held by the register to ascertain and report what damages the complainant had sustained to his lands and crops within a year preceding the com-

[Roberts v. West.]

mencement of the suit, by reason of the diversion by
the defendant of the waters from the natural channel
of the creek. The defendant appeals, and assigns as
error the decree overruling the demurrer and granting
the relief prayed for. .

S. T. WERT and WILLIAM L. MARTIN, for appellant,
cited *S. A. M. R. Co. r. Buford,* 106 Ala. 304; 1 Amer.
& Eng. Encyc. of Law, 251; *Steel v. Sullivan,* 70 Ala.
589; 6 Amer. & Eng. Encyc. of Law, 101; *Nininger v.
Norwood,* 72 Ala. 277; *Demopolis v. Webb,* 87 Ala.
659; *Burden v. Stein,* 27 Ala. 104.

BLACKWELL & TROUP and O. KYLE, *contra,* cited
*Burden v. Stein,* 27 Ala. 104; *Nininger v. Norwood,*
72 Ala. 277; *Ulbricht r. Eufaula,* 86 Ala. 587; *Demo-
polis v. Webb,* 87 Ala. 659; *Whaley v. Wilson,* 112 Ala.
627.

SHARPE, J.—To protect a land-owner against con-
stant or frequently recurring injuries from the wrong-
ful diversion of water, equity has jurisdiction concur-
rent with courts of law, and will enjoin the wrongdoer
without regard to his ability to respond in damages
since a single action at law would not furnish an ade-
quate remedy and a multiplicity of suits can be avoided
by proceeding in chancery.—*Nininger v. Norwood,* 72
Ala. 277; *Farris & McCurdy v. Dudley,* 78 Ala. 124;
Beach on Inj., § 1113; Pomeroy Eq. Jur., § 1350, and
note; *Stevens r. Stevens,* 11 Metc. 248; 45 Am. Dec.
203.

When for such purpose jurisdiction has been as-
sumed in equity, the court, to settle the whole contro-
versy, will ascertain and award damages to the injured
party.—*Farris & McCurdy v. Dudley, supra;* Beach
on Inj., §1400; *Cedar Lake etc. Co. v. Cedar Creek
Co.,* 79 Wis. 297; *Stadler v. Grieben,* 61 Wis. 500.

The present bill was brought by its allegations well
within those principles and was not subject to the de-
murrer.

The substantive law of the case is contained in a
single maxim which, expressed in English, is: "Water

[Roberts v. West.]

runs, and ought to run as it was accustomed to run."

From the proof it appears that the complainant is in possession of a tract of land, having bought it in 1897, from one Breedlove. While Breedlove owned the land, the defendant, who owned an adjoining and higher tract, cut a ditch heading within a few yards of Neal's Creek, a natural stream, and leading to another ditch which ran across the Breedlove tract. For several years the defendant's ditch served him for sipe water and surface drainage, and it was made and emptied into Breedlove's ditch, with Breedlove's oral consent, but it is not shown that Breedlove ever consented that the water of Neal's Creek might be turned into it. Less than ten years before the bill was filed a connection was formed between the creek and the head of defendant's ditch, since when, from the flow of water, together with occasional clearings by the defendant, the ditch in its whole length has increased to more than double its original capacity and now carries about half the water, which had formerly run in the creek, to and upon the complainant's land, causing his ditch, field and crops to be frequently overflowed. By what means the creek water first found its way across the space between the ditch and the creek does not clearly appear. There is evidence tending to show that the defendant desired to empty the creek of part of its water, and that a depression was spaded across by him, but he denies this, and says he only kept the ditch cleaned out, and that he used a roadway across the space in question until water overflowing from the creek formed the connecting channel. In this the defendant's testimony is not without corroboration, but we think it not essential to find the precise means which led to the diversion. If the ground was lowered by attrition from travel over the road maintained by the defendant, or from other use or act of his, ulterior to the purpose of such diversion, apart from the question of punitive damages, the defendant is liable for the result as if it had been intended. The fact that

[Roberts v. West.]

the ditch was maintained for several years without the invasion of creek water goes far to show that the diversion was from some adventitious cause, and not from any natural formation of the ground. The proof is convincing that the defendant has assisted the flow of creek water by keeping the ditch and the connecting channel cleared of sediment and of growths which might have retarded the water, and by placing a log which had fallen into the creek so as to divide the stream and cause it to run partly in the old and partly in the new channel.

Upon the whole evidence we are satisfied that the chancellor did not err in the conclusion that the defendant is responsible for the unnatural servitude to which the complainant's land has been subjected, and that such rights as he may have acquired by user, whether adverse or permissive, are confined to drainage of surface and sipe water, according to the original plan.

The defendant having acquired no easement or other right to discharge creek water on the complainant's land, the complainant did not take the land burdened with the rightful existence of such servitude, and notwithstanding the cause of his injury, was put in operation before his purchase, yet each recurring overflow of his land is a fresh nuisance in respect of which the complainant has the same right his vendor would have had if he had retained ownership of the land.—*Mayor etc. of Troy v. Coleman*, 58 Ala. 570; *O' Brien v. The City of St. Paul*, 18 Minn. 176; *Craig v. Lewis*, 110 Mass. 377; *Cobb v. Fisher*, 121 Mass. 169; *Stevens v. Stevens, supra*.

Let the decree be affirmed at appellant's cost.