[No. 5347.   Decided February 23, 1905.]

## J. L. BRYANT et al., Appellants, v. FRANK H. LAMB TIMBER COMPANY, Respondent.[1]

WATERS—RIPARIAN RIGHTS—INJUNCTION AGAINST FLOODING—
EVIDENCE—FAILURE OF PROOF.   In an action brought by a lower
riparian owner to recover damages for the flooding of plaintiff's
land, the complaint stating also a second cause of action for an
injunction against the maintenance of a dam, in which the cause
of action for damages was submitted to a jury, there is a total
failure of proof as to the second cause of action for an injunction,
and the same is properly dismissed, where said cause was sub-
mitted to the court upon the testimony introduced at the jury
trial, which was confined to the injuries already received, without
proof that the dam is still maintained or that the injury will be
repeated in the future.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered April 11, 1904, dismiss-
ing on the merits plaintiff's second cause of action for an

[1]Reported in 79 Pac. 622.

injunction, submitted to the court without a jury upon the testimony introduced at a trial for damages, in an action for damages for flooding lands and to enjoin the maintenance of a dam.    Affirmed.

*W. H. Abel,* for appellant.

RUDKIN, J.—The plaintiffs are the owners of a tract of land in Chehalis county, extending for a distance of about three-fourths of a mile along the bank of a stream called "Black Creek."    The defendant company has been engaged in operating a logging camp on the same stream, about two miles above the plaintiffs' lands.    For the purpose of facilitating its logging operations, the defendant company built a dam across the stream, about twelve feet in height, a short distance above the plaintiffs' lands.    The waters of the stream were retained and stored in this dam, and were released from time to time, to sluice the logs down the stream.    By these operations, the plaintiffs' lands were flooded and washed away.    In addition to the injury caused by flooding and washing, the defendant company cut the brush from the banks of the creek on the plaintiffs' lands, and blasted out stumps and logs, and committed other trespasses thereon.

The complaint contained two causes of action; the first, to recover damages for the injuries above set forth, and the second, for injunctive relief to prevent future injury. The second cause of action made the first cause of action a part thereof by reference, and alleged, (1) that the defendant company was threatening to dam the stream below the plaintiffs' lands, whereby the plaintiffs' lands would be flooded and injured; and (2) that the plaintiffs' lands were flooded and injured by the dam maintained above the same, that the plaintiffs had requested the defendant company to cease using and maintaining said dam, but that the defendant company refused so to do, and would

continue to use and maintain said dam, to the great damage and injury of plaintiffs, unless restrained from so doing. The answer was a general denial. The first cause of action was tried before a jury. A verdict was returned for the plaintiffs, and a judgment entered thereon. Thereafter the second cause of action was submitted to the court on the testimony taken at the jury trial, the allegation of the second cause of action relating to the construction of the dam below the lands of plaintiffs was stricken by consent, and the court entered a judgment dismissing the second cause of action. From the latter judgment the plaintiffs appeal.

Had the appellants established the facts alleged in their second cause of action, they would have entitled themselves to an injunction under the decisions in *Monroe Mill Co. v. Menzel,* 35 Wash. 487, 77 Pac. 813; *Matthews v. Belfast Mfg. Co.,* 35 Wash. 662, 77 Pac. 1046, and other cases in this court. A careful examination of the entire record, however, discloses no ground for reversing the judgment of the lower court denying the injunction. No proof was offered in support of the second cause of action, and such proof was indispensable before the court could interfere by injunction. At the jury trial—and the testimony there taken is the only testimony before this court—the parties were strictly limited to proof of injuries occurring between the 1st day of September, 1902, and the 8th day of July, 1903, when this action was commenced. It is needless to say that proof of such injuries alone would not authorize an injunction. For these injuries the appellants have already received compensation in damages, and, as to them, an injunction would be wholly inoperative. In other words, there was a total failure of proof as to an essential part of the second cause of action, without proof of which no injunction could properly be awarded. It nowhere ap-

pears that the injury complained of will be repeated, or that the respondent is still maintaining its dam, or threatens to maintain the dam in the future, or that an injunction, if granted, would be of any avail to the appellants.

For these reasons there is no error in the judgment of the court dismissing the second cause of action, and such judgment is affirmed.

MOUNT, C. J., FULLERTON. HADLEY, and DUNBAR, JJ.. concur.

ROOT and CROW, JJ., took no part.