[No. 6954.   Decided November 5, 1907.]

MYRON DURGA *et al.*, *Respondents*, v. LINCOLN CREEK LUMBER COMPANY, *Appellant*.[1]

ACTIONS—JOINDER OF CAUSES. Under Bal. Code, § 4793, an action may be maintained for both legal and equitable relief.

WATERS—RIPARIAN RIGHTS—REASONABLE USE—LIMITATIONS. The reasonable use of waters by a riparian owner operating a mill does not extend to the flooding of adjacent lands by the maintenance of dams for a water power necessary to run the mill.

SAME—DAMAGES—INJUNCTION—GROUNDS. Where there is natural drainage from plaintiff's lands across the land of an adjoining owner to a creek, the flooding of the adjoining owner's lands so as to flood any part of plaintiff's lands, or so as to cause the water to stand near the surface, or prevent drainage thereof, rendering the land unfit for cultivation, entitles plaintiff to injunctive relief.

SAME—ESTOPPEL. A settlement and acceptance of the damages done in one year by flooding plaintiff's lands does not estop plaintiff from seeking injunctive relief in a following year.

Appeal from a judgment of the superior court for Lewis county, Irwin, J., entered March 6, 1907, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action for an injunction and damages.   Affirmed.

*B. H. Rhodes* and *W. W. Langhorne*, for appellant.
*Reynolds & Stewart*, for respondents.

MOUNT, J.—The respondents brought this action to restrain the appellant from maintaining a dam across Lincoln creek in Lewis county, which dam, it is alleged, obstructed the flow of water in the creek, causing same to back upon, overflow, and damage plaintiffs' lands; and also alleged damages on account thereof.   Upon a trial of the case, the lower court

[1]Reported in 92 Pac. 343.

granted the relief substantially as prayed for. The defendant has appealed.

The facts, as alleged in the complaint and found by the court, and which appear to us to be established by the evidence, are, in substance, as follows: The appellant is a domestic corporation, engaged in floating logs down Lincoln creek, in Lewis county, to its mill near the mouth of said creek, where it empties into the Chehalis river. Near this point the appellant converts said logs into lumber and manufactured product. Appellant, near its mills, maintains two dams across Lincoln creek. These dams are about thirty rods apart. They raise the water from five to ten feet above the natural surface, and cause the same to be held back for a distance of several miles above the dams, thereby overflowing the lands above. The respondents' lands are above the dams, but do not abut upon the creek banks. One Alberts owns a tract of land from eighty to one hundred and sixty rods wide, lying between respondents' lands and Lincoln creek. Appellant has acquired the right to overflow these lands belonging to Mr. Alberts. A slough extends through the Alberts tract from Lincoln creek, reaching almost to respondents' lands. The overflow upon respondents' lands is caused by back water from the creek which is forced into this slough.

Lincoln creek is the main watercourse and natural drainage for a large extent of country, which extends about twenty miles in length and averages about five miles in width. The lands embraced within this country are known as "bottom lands," and are comparatively level and very fertile. They have but slight elevation above the surface of the water of Lincoln creek. Respondents' lands are a part of these bottom lands, and when not flooded are very productive. The dams of the appellant company, as constructed and maintained for the last two years, have stopped the natural flow of the water in Lincoln creek and caused the same to flow upon a part of respondents' lands, and to percolate through the subsoil of the whole thereof so as to prevent drainage, and have thereby

caused respondents' lands to become wet and unproductive and unfit for cultivation. It was found that the damage caused thereby was $125 for the year 1905, which was agreed upon by the parties and paid for that year, and the damage for the year 1906 was $150. The court further found that the dams unless removed will continue to damage the respondents to an extent that cannot be estimated or compensated in money. At the trial it was agreed that, after the action was begun and just prior to the trial, the appellant had reduced the height of the larger dam from eight feet four inches to three feet four inches, but the court found that, at the point of the larger dam, the creek should be cleared of the whole dam so that the drainage of respondents' lands might reach the creek at its natural level, and entered a decree accordingly.

The appellant argues that the trial court should have sustained a demurrer to the complaint because both legal and equitable relief are prayed for. This does not make the complaint subject to demurrer under our statute, Bal. Code, § 4793 (P. C. § 250).

Appellant also contends, because the dams complained of were erected on its own land and were necessary in the conduct of its logging business, that it is entitled to the reasonable use of the water in Lincoln creek. This proposition as stated may be conceded, but the reasonable use of the creek does not extend to destroying or to materially damaging the property of others. *Bryant v. Lamb Timber Co.*, 37 Wash. 168, 79 Pac. 622, and cases cited. If such use might be held to be a reasonable use, the appellant might extend the height of these dams, as demanded by an increase of its milling business, until the whole country should be entirely and continuously inundated, and the lands abutting upon the creek, and other lands not abutting thereon, might be entirely destroyed. This, of course is not contended for, and cannot be the rule. The reasonable use of the waters of this creek does not extend to

flooding or materially injuring the lands abutting thereon or adjacent thereto.

It is apparently conceded by appellant that the dam which was ordered removed entirely, flooded about one-half an acre of respondents' lands. This of itself was sufficient to base the decree upon. But we also think the evidence fairly shows that a large part of respondents' land was damaged by water which was caused by this dam to stand near the surface without actually overflowing the land, and thus rendered the land unfit for cultivation and incapable of drainage. It is true there is no evidence of any right of respondents to drain their lands artificially upon the lands of Alberts, lying between respondents and the creek. But there is sufficient, we think, to show a natural drainage when the water in the creek is not raised above its natural flow.

Appellant also contends that the respondents are estopped to claim injunctive relief, by reason of the fact that the respondents consented to the damages for the year 1905 in consideration that appellant would pay therefor. It is conceded that respondents complained about the damages which were being done their lands, by means of back water from appellant's dams, in the year 1905, and appellant paid the damages, which were agreed upon at $125. The effect of this agreement was only a settlement of the damages for that year. It did not amount to a license for subsequent years and, even if it did, it was a parol license which could be revoked at any time thereafter. It was subsequently revoked, and of course worked no estoppel upon respondents to claim injunctive relief thereafter.

It is also claimed that when the dam was cut down to three feet four inches, the water thereafter could not overflow respondents' land. But the court found, we think fairly from the evidence, that the back water under the surface of the land, caused by the remaining portion of the dam, was an injury to respondents' lands, which by reason of the dam could not be

drained.  This was sufficient to justify the mandatory injunction.

We find no error in the record.  The judgment of the lower court is accordingly affirmed.

HADLEY, C. J., CROW, FULLERTON, RUDKIN, DUNBAR, and ROOT, JJ., concur.