[No. 7484.    Decided December 8, 1908.]

The Ami Company, *Respondent*, v. Tide Water Lumber
Company, *Appellant*.[1]

Navigable Waters—Riparian Rights—Obstructions—Damages
—Excessiveness. A judgment for $950 damages for the obstruction
of a navigable river, whereby the water was diverted, resulting in
the washing away of nineteen one-hundredths of an acre of land, of
the value of $5,000 per acre, will not be held excessive from the fact
that surveys of the land showed an accretion instead of a loss to
the tract, where it appears that the accretion was due to the owner's
efforts in protecting the head of the land, and to the construction of
a bridge upstream, while loss was occasioned downstream at the foot
of the land by defendant's obstruction.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered January 27, 1908, upon findings
in favor of the plaintiffs for damages, after a trial before
the court without a jury, in an action for the obstruction and
diversion of a river.    Affirmed.

*G. C. Israel* and *W. P. Reynolds*, for appellant.

*Herbert S. Griggs* and *Ellis, Fletcher & Evans*, for re-
spondent.

Hadley, C. J.—With the exception of the amount of dam-
ages, the questions involved in this case are the same as those
involved in cause No. 7485, *Judson v. Tide Water Lumber
Co.*, *ante* p. 164, 98 Pac. 377, just decided by this court. The
lands of the respondent in this action lie fronting the Puyallup
river upon the easterly or right bank thereof, and are imme-
diately above the Judson lands involved in the case mentioned.
They also lie directly opposite the land of the Tide Water
Lumber Company, located as described in the former case.
The Ami Company, the respondent in this action, charges
damages to its land from the same acts of the Tide Water

[1]Reported in 98 Pac. 380.

Lumber Company which it is claimed damaged the Judson land. The court, after a trial, made findings essentially like those in the *Judson* case, and awarded damages in the sum of $950, together with a similar decree defining the channel of the river and requiring the removal of the obstructions.

The appellant claims on this appeal that no actual loss to respondent's land was shown, but that it appeared that there was really a net gain, and therefore no damages should have been awarded. Mr. Nicholson, a civil engineer, testified that, on September 8, 1903, which was after the obstructions were placed in the river, the loss to the tract now owned by respondent was three and seventy-five one-hundredths acres. That was, however, before the respondent became the owner of the tract, which occurred in 1904. He also testified that, in December, 1905, the loss was three and eighty-one one-hundredths acres. This was the first survey shown by his testimony after respondent became the owner, and showed an increase in the loss since the former survey of six one-hundredths of an acre. The next survey was in April, 1906, and showed a total loss of three and ninety-four one-hundredths acres, being an increase in loss since the last survey of thirteen one-hundredths of an acre. Up to this point, it will be observed that the amount of loss after respondent became owner must have been about nineteen one-hundredths of an acre, as nearly as the witness could place it. Subsequent surveys, however, showed some gain, and in November, 1907, just prior to the trial, the total loss to the whole tract was shown to be three and five one-hundredths acres, which was a gain of eighty-nine one-hundredths of an acre since the survey in April, 1906. It is therefore argued that there was no loss after respondent became the owner, for which appellant is liable.

From the above figures it, at first glance, seems paradoxical that there was a judgment rendered for damages. The court's theory is, however, logical, and it has the support of competent testimony in the record. That theory is as follows: In March, 1906, the respondent drove piles at the upper end of

its tract, and these with the help of the Dempsey bridge, which was built about the same time, protected the bank, and it therefore showed a slight fill or increase at that point. The aggregate increase to the tract shown by the later surveys is accounted for in this manner. The nineteen one-hundredths of an acre was, however, cut away from the land further down the stream, and that has not been restored. Under the theory of respondent, which was adopted by the court, the later accretion, resulting in a gain at the upper end of the tract, was entirely due to the efforts of respondent itself and to the protection of the bridge, and was not brought about by any act of the appellant; whereas the loss below was directly due to the wrongful maintenance of the obstructions by appellant, and that loss has not been restored. It was upon this theory that the court awarded damages for that loss.

It must be manifest to any one that the extent of actual damage under such circumstances is very difficult to ascertain, and it is impossible to do it with mathematical accuracy. The trial court having heard all the evidence upon the subject and having viewed the situation itself, we shall not undertake to say that the evidence which it found to be correct was not in fact entitled to be so received. The court found the value of the land to be $5,000 per acre, and the nineteen one-hundredths of an acre was therefore valued at $950. In view of all the evidence, we shall not say that the amount is excessive.

The judgment in all essential particulars is affirmed, but it will be necessary to modify it in respect to the time for the removal of the obstructions. The judgment allowed twenty-one days from its date for the commencement of the work of removal, and required that it be thereafter diligently prosecuted and finished within three months from the commencement of the work. By reason of the appeal that time has long since passed. The cause is remanded with instructions to enter a supplemental order as a modification of the original judgment, to the effect only that the same length of time shall be allowed for the commencement and completion of the

work, respectively, after the date of such order, as was formerly allowed with reference to the date of the original judgment. The modification shall not affect respondent's recovery of its costs on appeal.

RUDKIN, DUNBAR, MOUNT, and CROW, JJ , concur.

FULLERTON, J., took no part.