BANNSE et ux. v. NORTHERN PAC. RY. CO.

(District Court, W. D. Washington, S. D.    May 24, 1913.)

No. 1,646.

1. EMINENT DOMAIN (§ 288*)—REMEDY OF OWNER—TRESPASS ON LAND—DAM-.
    AGES—INJUNCTION.
        Defendant railroad company prosecuted certain construction work to
    straighten a stream and its main line of railroad, which involved an
    encroachment upon, and occupation to a small extent of, an unproduc-
    tive portion of plaintiff's land, amounting to 1¾ acres. It also appeared
    that the riprapping crowded the current of the stream against the op-
    posite bank in such a manner as to wash away other portions of plain-
    tiff's land. Plaintiff knew of the work some months before complaint
    was made, and, though he told defendant's men at work on the roadbed
    to keep off his property and at one time to get off of it, he did not take
    the matter to any officer of the railroad company, nor did he take any
    legal steps to stop the trespass. Negotiations were entered into for the
    payment of damages, but no agreement was reached. The work cost
    $33,000, and it would cost $78,000 to restore the stream to its former
    bed, while plaintiff prayed for damages in the sum of $7,500. Held, that
    plaintiff was estopped to claim the removal of the tracks and the restora-
    tion of the stream, and would be limited to his action for damages.
        [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 783–
    788;  Dec. Dig. § 288.*]

2. TRIAL (§ 11*)—TRANSFER OF CAUSE TO LAW CALENDAR.
        Where the terms of a consent to trial of an issue as to damages by
    the court is in dispute between the parties, the cause will be transferred
    to the law calendar.
        [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 28–30; Dec. Dig.
    § 11.*]

In Equity. Suit by John Bannse and wife against the Northern
Pacific Railway Company. Case transferred for trial to a jury.

Troy & Sturdevant, of Olympia, Wash., and Ellis, Fletcher & Ev-
ans, of Tacoma, Wash., for plaintiffs.

George T. Reid, J. W. Quick, and L. B. Da Ponte, all of Tacoma,
Wash., for defendant.

CUSHMAN, District Judge. This suit is brought, charging the
defendant with having diverted the waters of the Skookumchuck
river from their natural channel, causing the overflow of and damage
to plaintiffs' land; further, with having encroached upon plaintiffs'
lands with its tracks, the embankment upon which they were placed,
and the riprapping protecting the same from the waters of such
stream. The prayer of the complaint is for a mandatory injunction,
directing the restoration of the waters of the river to their natural
channel, an injunction against its further diversion, decree compelling
the removal of defendant's tracks, riprapping, and other property
from plaintiffs' land, an injunction against further trespass, and for
damage caused to the present time.

The cause is now before the court upon the merits, after the taking
of testimony. The work done by the defendant was to straighten the

stream and its main line railroad between Tacoma and Portland, thereby eliminating two bridges across the river, rendering the road and the traffic carried over it more safe. The straightening of the river was done above plaintiffs' land; the waters being returned to the old channel before the stream reached the land in question.

Plaintiffs knew of the work being done by the railroad in straightening the river channel, which work took some months, and made no complaint on account of it at the time the work was being done. The testimony shows the cost of this work was $33,000, and that it would cost $78,000 to restore the stream to its old bed. Plaintiffs' prayer for damages suffered is for $7,500.

In straightening the track, defendant encroached upon and occupied, to a small extent, an unproductive portion of plaintiffs' land, amounting to about 1¾ acres. The evidence tends to show that the riprapping done in this work crowded the waters and current of the stream over against the opposite bank in such a manner as to wash away other portions of plaintiffs' land.

At the time this work was being done, plaintiff John Bannse told the men at work on the roadbed to keep off his property, and at one time to get off his property. He did not take this matter up with any officer of the railroad, or take any legal steps to stop the trespass. Plaintiffs had negotiations with the right of way agent of the defendant, there being at least three interviews. Offers were made by the agent, and prices given by this plaintiff, but no agreement was reached. The work done by the railroad was in the fall of 1909, and this suit was brought in the spring of 1910.

Plaintiffs rely upon the following authorities: Rigney v. Tacoma L. & W. Co. and City of Tacoma, 9 Wash. 576, 38 Pac. 147, 26 L. R. A. 425; Judson et al. v. Tide Water Lbr. Co., 51 Wash. 164, 98 Pac. 377; Durga v. Lincoln Creek Lum. Co., 47 Wash. 477–480, 92 Pac. 343; Burk v. Simonson, 104 Ind. 173, 2 N. E. 309, 3 N. E. 826, 54 Am. St. Rep. 304; Fenton & Thompson R. Co. v. Adams, 221 Ill. 201, 77 N. E. 531, 112 Am. St. Rep. 171; Pine et al. v. Mayor, etc., City of New York, 112 Fed. 98, 50 C. C. A. 145, reversed 185 U. S. 93, 22 Sup. Ct. 592, 46 L. Ed. 820; Cox v. Bernard, 39 Or. 53, 64 Pac. 860; Roberts v. Vest, 126 Ala. 355, 28 South. 412; Chestatee Pyrites Co. v. Cavender's Creek Gold Min. Co., 118 Ga. 255, 45 S. E. 267; Goodrich v. Georgia, etc., Co., 115 Ga. 340, 41 S. E. 659; Webster et al. v. Harris et al., 111 Tenn. 668, 69 S. W. 782, 59 L. R. A. 324.

Defendant relies upon the following authorities: New York City v. Pine, 185 U. S. 93, 22 Sup. Ct. 592, 46 L. Ed. 820; Roberts v. Northern Pacific, 158 U. S. 1, 15 Sup. Ct. 756, 39 L. Ed. 873; Northern Pacific Ry. v. Smith, 171 U. S. 260, 18 Sup. Ct. 794, 43 L. Ed. 157.

[1] Plaintiffs, by their conduct, are now estopped from asking the removal of the railroad tracks and the restoration of the stream, and will be left to the enforcement of their right to damages.

"From these authorities it is apparent that the time at which a party appeals to a court of equity for relief affects largely the character of the re-

lief which will be granted. If one, aware of the situation, believes he has certain legal rights, and desires to insist upon them, he should do so promptly. If by his declarations or conduct he leads the other party to believe that he does not propose to rest upon such rights, but is willing to waive them for a just compensation, and the other party proceeds to great expense in the expectation that payment of a fair compensation will be accepted and the right waived—especially if it is in respect to a matter which will largely affect the public convenience and welfare—a court of equity may properly refuse to enforce those rights, and, in the absence of an agreement for compensation, compel him to submit the determination of the amount thereof to an impartial tribunal." New York City v. Pine, 185 U. S. 93, at page 103, 22 Sup. Ct. 592, at page 596 (46 L. Ed. 820).

See Roberts v. Northern Pacific Ry., 158 U. S. 1, 15 Sup. Ct. 756, 39 L. Ed. 873; Northern Pacific Ry. v. Smith, 171 U. S. 260, 18 Sup. Ct. 794, 43 L. Ed. 157; 22 Cyc. 779.

[2] A large amount of testimony has been taken concerning the value of the land, the amount taken and damaged, and the extent of the damage. No stipulation has been filed, waiving a jury in the assessment of damages. Plaintiffs state in their brief that "counsel for defendant has consented" that damages accruing to this time on account of the diversion of the river might be assessed by the court; but defendant's counsel in his brief contends that the agreement was that all damages should be assessed by the court, and not a part only —resulting in leaving the question of an award for the land taken for a jury.

Neither side, therefore, waiving a jury, the question of damages will not be determined (22 Cyc. 969), unless plaintiffs file a consent, within 20 days after the filing of this opinion, to the determination by the court, without a jury, upon the evidence already taken, of all questions of damage growing out of the acts of which complaint is made. Failing in this, the cause will be transferred to the law side of the court, to be there determined. New York v. Pine, 185 U. S. 93, at page 108, 22 Sup. Ct. 592, 46 L. Ed. 820; Equity Rule No. 22, Rules 1912 (198 Fed. xxiv, 115 C. C. A. xxiv).