Sampson Sammons, Respondent, *v.* The City of Glovers-ville, Appellant.

1. Municipal Corporations — Short Statute of Limitations Relating to Claims for Damages for Municipal Wrongs Has no Application to Equitable Suits to Restrain Continuing Trespasses. An action against a municipality to restrain it from polluting the waters of a creek by continuing to empty the contents of its sewers and drains therein and to recover damages sustained thereby in the injurious results to plaintiff's farm and farm properties and uses, is not barred because of the omission to present his claim for damages in writing to the common council at least three months before commencing the action, under a provision in the charter relating to claims for damages alleged to have occurred by reason of the wrongful act or neglect of the city or any of its officers, agents or employees, and providing that an omission to comply therewith shall be a bar to any action upon such claims, inasmuch as such provision has no application to suits on the equity side of the court for relief from wrongful acts in the nature of trespass which day by day cause damage to the complainant, although there is involved a demand for damages in the past.

2. Legislative Permission to Maintain Sewage System Confers no Right to Appropriate Property Without Compensation. A provision in a municipal charter empowering the common council to construct sewers and to maintain them so as to discharge into a creek, is a legisla-

tive permission, not a direction, and confers no right to appropriate prop-
erty without compensation; nor does it confer a license to commit a nui-
sance — if the maintenance of the system of sewage involves the destruc-
tion of private rights, payment must be made.

3. WHEN INJUNCTION IS PROPERLY GRANTED.  Where a legal right is
invaded by the maintenance of a nuisance and substantial damage is
found, it is not error to award an injunction although the trespasser is a
municipality; especially in a case where its operation has been suspended
in order that the defendant may obtain legislative relief or abate the
nuisance.

*Sammons* v. *City of Gloversville,* 67 App. Div. 628, affirmed.

(Argued May 22, 1903; decided June 9, 1903.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered
January 7, 1902, affirming a judgment in favor of plaintiff
entered upon a decision of the court at a Trial Term without
a jury.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Edwin Countryman* and *William A. McDonald* for appel-
lant.  The court erred in refusing to hold that the plaintiff
cannot recover any damages in this action because of his
omission to present such a claim for damages in writing to the
common council at least three months before commencing the
action.  (L. 1899, ch. 275, § 56; *Curry* v. *City of Buffalo,*
135 N. Y. 366; 57 Hun, 25; *Mertz* v. *City of Brooklyn,* 33
N. Y. S. R. 577; 128 N. Y. 617; *Babcock* v. *City of New
York,* 56 Hun, 196; *Dawson* v. *City of Troy,* 49 Hun, 323;
*Enair* v. *City of Brooklyn,* 25 N. Y. S. R. 1014; *La Flamme*
v. *City of Albany,* 91 Hun, 65; 158 N. Y. 699; *Minnick* v.
*City of Troy,* 83 N. Y. 514; *Jones* v. *City of Albany,* 151
N. Y. 223; *White* v. *Mayor, etc.,* 15 App. Div. 440; *Cox* v.
*City of New York,* 26 Misc. Rep. 177.)  The court erred in
refusing to hold that the power conferred by the legislature
upon the city over sewers and drains is in the nature of a
governmental power, to be exercised for the benefit of the

public, and the city is not liable for any damage to third persons resulting from its exercise of such power. (*Mayor, etc.*, v. *Furge*, 3 Hill, 612; *McCarthy* v. *City of Syracuse*, 46 N. Y. 194; *S. Ins. Co.* v. *Vil. of Keeseville*, 148 N. Y. 46; *La Frois* v. *County of Monroe*, 162 N. Y. 563; *Uppington* v. *City of New York*, 165 N. Y. 222; *Hughes* v. *City of Auburn*, 161 N. Y. 96; *Atwater* v. *Vil. of Canandaigua*, 124 N. Y. 602; *H. H. Co.* v. *Baird*, 169 N. Y. 136; *Fries* v. *N. Y. & H. R. R. Co.*, 169 N. Y. 270; *City of Valparaiso* v. *Hagan*, 153 Ind. 337.) The court erred in awarding a judgment for a permanent injunction against the defendant. (*McSorley* v. *Gomprecht*, 30 Abb. [N. C.] 412; *Gallatin* v. *Oriental Bank*, 16 How. Pr. 253; *Abraham* v. *Meyers*, 29 Abb. [N. C.] 384; *Cooke* v. *F. W. Co.*, 27 Hun, 72; *Flint* v. *Charman*, 6 App. Div. 122, 127; *O'Reilly* v. *N. Y. E. R. R. Co.*, 148 N. Y. 347; *McHenry* v. *Jewett*, 90 N. Y. 58; *Jennet* v. *D. & H. Co.*, 122 N. Y. 506; *Health Dept.* v. *Purdon*, 99 N. Y. 237; *Garratt* v. *Vil. of Canandaigua*, 135 N. Y. 436.)

*Andrew J. Nellis* and *M. D. Murray* for respondent. This cause of action is not such a claim for damages as is required to be presented to the common council before action could be brought thereon. (*Dudley* v. *Congregation*, 138 N. Y. 451; *Inderlied* v. *Whaley*, 85 Hun, 63.) The legislature has not directed, authorized or permitted the appellant to discharge sewage into the Cayadutta creek above the lands of this plaintiff, or so as to pollute the waters of the said creek as they flowed upon and over plaintiff's lands, or to cast pollution upon his lands. (*Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 103 N. Y. 10.) The trial court did not err in awarding a permanent injunction. (*Strobel* v. *K. S. Mfg. Co.*, 164 N. Y. 393; *Crossby* v. *Lightowler*, L. R. [2 Ch.] 478; *Seiferth* v. *City of Brooklyn*, 101 N. Y. 143; *Huffmire* v. *City of Brooklyn*, 162 N. Y. 584; *Schewer* v. *City of Johnstown*, 71 Hun, 232; *Hooker* v. *City of Rochester*, 37 Hun, 181; *Noonan* v. *City of Albany*, 79 N. Y. 470; *Attorney-General*

v. *Cockermouth,* L. R. [18 Eq. Cas.] 172 ; *Bradt* v. *City of Albany,* 5 Hun, 591 ; *Dudley* v. *Congregation,* 138 N. Y. 451.)

GRAY, J. The plaintiff commenced this action against the city of Gloversville to restrain it from continuing to empty the contents of its sewers and drains into the Cayadutta creek and to recover damages sustained thereby, in the injurious results to his farm and farm properties and uses. The farm of the plaintiff is situated upon the creek, at some distance below the city. The city was incorporated in 1890 and has a present population of over 18,000 persons. It had, as an incorporated village, discharged its sewers into the creek in the same way and, upon becoming a city, it largely increased its sewer system under charter provisions. But the stream was not polluted and rendered noxious by the defendant alone. The city of Johnstown, containing a population of some 12,000 persons, also, emptied its sewers into the stream and a large number of tanneries, located thereon, discharged their refuse into it. The trial court, finding that the plaintiff had been injured by what were wrongful acts of the defendant and that their continuance was threatened, awarded to plaintiff a judgment enjoining the defendant and for a sum of money equal to one-third of the damages found to have been sustained for the six years prior to the commencement of the action ; upon the theory that the city was but one of the several tort feasors, through whose wrongful acts the stream had been polluted. Furthermore, the judgment suspended the operation of the injunction for the period of one year, with the privilege to apply to the court for other suspensions of the decree ; in order that the defendant might obtain " appropriate legislation," or change its system of sewage. The judgment so recovered has been unanimously affirmed by the Appellate Division and, upon the defendant's appeal to this court, certain questions of law are raised, which need but a brief discussion.

In the first place, the appellant raises the objection that,

because of plaintiff's omission to present his claims for damages in writing to the common council, at least three months before commencing the action, he was barred from maintaining it. This objection is predicated upon a provision of the city's charter that "all claims for injuries to the person, alleged to have been caused or sustained by reason of defects, want of repairs, or obstruction of any of the highways, streets, alleys, sidewalks, or crosswalks of the city and all claims for damages alleged to have occurred by reason of the wrongful act, or neglect of the city, or any of its officers, agents or employés, shall be presented in writing to the common council within three months after the date of the alleged injuries. Such writing shall state the time, place, cause, nature and extent of the alleged injuries, or damages, so far as practicable, and shall be verified," etc. The section, further, provides that the omission to comply shall be a bar to an action and that no action shall be commenced on any duly presented claim until after the expiration of three months. The argument is, in substance, that this provision is general in its command that all claims for damages based on municipal wrongdoing, or neglect, must be presented as the statute directs, under the penalty of an action being barred by reason of the omission, and that its application must be made, as well, to the case of such a continuing injury, or damage, as is now complained of, as to ordinary cases of injuries to the person, or to property, caused by defective conditions in the municipal streets and other properties, or by some negligent act of a municipal officer, or agent. This is not our reading of the charter. The context makes it clear that only such ordinary and casual occurrences were in contemplation; for the written statement required must "state the time, place, cause, nature and extent of the alleged injuries, or damages" and must be presented "within three months after the date of the alleged injuries." Obviously, a claim for damages, of the nature plaintiff makes against the defendant, for trespasses continued day by day, could not have been intended by the legislature; or, otherwise, the language is too inapt to

convey such an intention.    Such an interpretation as the plaintiff contends for would result in the limitation upon the bringing of an action for damages against the city, operating to bar a recovery for damages, except for such as were shown to have been suffered within three months of the commencement of the action.    The short statute of limitations could not have been intended to bar actions for equitable relief against acts constituting invasions of property rights and of a continuing, and damaging, nature.    While this action comprehended a recovery of the damages already sustained, its demand was for equitable relief.    That is its main object and the damages are, purely, incidental to the preventive relief, which is prayed for.    A court of equity will take cognizance of an action based upon continued and continuing invasions of property rights and gaining jurisdiction, upon the established facts of the case, to restrain their further continuance, and thus to prevent a multiplicity of suits, in successive actions for the injuries, award, as incidental to its decree, such damages as have occurred within the six years.    Acquiring jurisdiction for one purpose, it will retain it for all purposes and adjust, as between the litigants, all matters involved in their dispute.    Therefore, we hold that, upon the correct interpretation of the statute, it has no application to a suit on the equity side of the court for relief from wrongful acts in the nature of trespass; which, day by day, cause injury and damage to the complainant; although there is involved a demand for the damages in the past.

It is, further, objected that the appellant, in constructing and maintaining its sewers and drains, exercises a governmental power for the public benefit; which should exempt it from liability for damages resulting thereby.    The question of municipal liability, when it is rested upon acts performed in a governmental capacity, is, usually, a delicate one and not free from difficulty; but the answer to the present objection of this appellant is found in the nature of the authority conferred by its charter.    The common council is empowered to construct sewers and to maintain them so as to discharge into

the stream, known as Cayadutta creek. This is a permission and not a direction, and a legislative permission neither implies a right to appropriate property, without compensation; nor confers a license to commit a nuisance. To base upon a legislative grant of power to do a thing an immunity from consequences, which deprive, or tend to deprive, a person of that which is his property, there should, at least, be found a direction which is clear and quite unmistakably imperative. (*Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 103 N. Y. 10; *Hill* v. *Mayor, etc., of N. Y.*, 139 id. 495.) The charter, in authorizing a system of sewers and drains, discharging into the stream, neither conferred an unusual power, nor a right to deposit sewage upon the plaintiff's lands, situated miles below the city. If the results complained of are unavoidable, then we may not assume a power, implied from the permission of the charter, to destroy the plaintiff's property without compensation. The legislature could not authorize such an injury without requiring payment for the consequences and it has not assumed to do so. The plaintiff is not seeking to interfere with the construction, or maintenance, of the municipal system of sewers; his complaint, as the finding, is that the sewage of the city is carried down to, and upon, his lands to the injury of their use and so as to create a nuisance. We think that the legislative intent was that the discretion of the municipal authorities, in maintaining a system of sewage, should be exercised in conformity with private rights and, if their destruction be involved, that, in such a case, payment must be made.

The other ground of objection to be noticed is that the court should not have granted a permanent injunction against the appellant and the argument, on that head, relates to the facts of the case and to the effect upon public interests. I think there is no error in the decree, which was made. The case is not a strong one; but we cannot say, in view of the findings, that the court below has exceeded its power, or that it has abused its discretion. It appears to have split the damages; recognizing three constituent causes of injury and

imposing a liability for only one-third upon the appellant. It, further, directed the operation of the injunction to be suspended, in order that the appellant might obtain appropriate legislation, or establish a different sewage system. The relief by way of injunction was to restrain the appellant from " continuing to so empty the contents of its sewers and drains * * * so as to pollute the waters as they flow upon the lands of the plaintiff * `* * and occasioning deposit in the bed and along the banks upon the plaintiff's lands," etc. If the city is without power to acquire by purchase, or by condemnation proceedings, the right, as against the plaintiff, to continue to use the creek in the present way, opportunity is afforded to obtain legislative relief. The court has acted with moderation and with consideration of the appellant's situation. A legal right being invaded by the maintenance of a nuisance and substantial damage being found, it was not error to award an injunction. If the appellant is a continuous trespasser upon the plaintiff's rights of property, he should not be compelled to bring successive suits for each day's injury.

The judgment should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, MARTIN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.