VAN DOREN v. HOLBROOK, CABOT & DALY CONTRACTING CO.

(Supreme Court, Appellate Term. November 30, 1903.)

1. NEGLIGENCE—QUESTIONS FOR JURY.

Whether defendant contracting company, in doing certain acts in connection with a municipal work, used reasonable and proper care to prevent injury to plaintiff's business and property, was a question for the jury.

2. SAME.

Whether defendant contracting company, engaged on work of a public character, in connection with the construction of an underground railroad, was under obligations to build a partition to separate plaintiff's kitchen from an opening made in the front wall of the building occupied by plaintiff, was a question for the jury.

3. SAME—PUBLIC WORK—CONTRACTORS—DUTIES—REASONABLE CARE.

It was necessary for defendant to adopt every reasonable measure to protect plaintiff's business and property from damage in order to escape liability for injuries caused by the work.

Appeal from City Court of New York, General Term.

Action by Albert Van Doren against the Holbrook, Cabot & Daly Contracting Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Strong & Cadwalader (Hugh A. Bayne, of counsel), for appellant.
Moses Strassman, for respondent.

BLANCHARD, J.   This is an action to recover damages for injury to plaintiff's bakery and restaurant business alleged to have been caused by the wrongful and negligent conduct of the defendant's workmen in shoring up and underpinning the premises Nos. 127 and 129 Fourth avenue, in the borough of Manhattan, city of New York, in which were located the plaintiff's place of business, and in building a wooden partition and doing other work within the plaintiff's premises.   The work was done by defendant in connection with the construction of the subway or underground railroad.   The defense is that the acts complained of were necessarily done by defendant in connection with a great municipal work; that they were done in a skillful and proper manner, without any negligence on the part of the defendant; and that whatever injury the plaintiff sustained by reason thereof was necessarily incidental to the character of the work, and unavoidable.   The evidence establishes the fact that the said work was necessary.   The only question in the case relating to this work is whether, in doing it, the defendant used reasonable and proper care to prevent injury to the plaintiff's business and property.   Upon this question the testimony was conflicting, and the decision was properly left to the jury.

The defendant's counsel requested the court to charge that defendant was under no obligation to build a partition to separate plaintiff's kitchen from the opening in the front wall.   The court replied, "I decline to charge as requested, and leave it to the jury."   To this ruling the defendant excepted.   This ruling was correct.   This was a public work, instituted and carried on by virtue of authority vested in the city of New York, through its board of rapid transit railroad commissioners.   Such a work should be carried on with due care for the rights and property of private individuals, if those responsible for the work wish to escape liability for injuries occasioned thereby.   It was therefore necessary for the defendant to adopt every reasonable measure to protect the business and property of the plaintiff from damage, in order to free itself from liability to the plaintiff for such injuries as its work might occasion.   Sammons v. City of Gloversville, 175 N. Y. 346, 67 N. E. 622; Sadlier v. City of New York, 40 Misc. Rep. 78, 81 N. Y. Supp. 308; Hill v. Mayor, etc., 139 N. Y. 495, 34 N. E. 1090.   It is also the fact that the defendant regarded it as its duty to protect the plaintiff's premises from injury.   Holbrook, the president of the defendant corporation, testified:

"I think it was my duty to use every means to prevent the inside of those buildings becoming damaged, or the contents of the building. I did it in this case."

The defendant's contract, under the terms of which this work was done, contained this agreement:

"The subcontractor [defendant] agrees to be responsible for and to protect the contractor from all suits or actions from any source for or on account of ✳ ✳ ✳ damages to adjoining or other property which may be sustained by

any one or to any property * * * by reason of the carelessness or negligence or acts of the subcontractor or of any employé."

The plaintiff gave testimony showing loss of profits, besides loss of the property used by him in his business, and computed the amount of such loss in money.

The exceptions of the defendant are without merit.

The judgment and order appealed from should be affirmed, with costs. All concur.