(84 South. 396)

## WARWICK v. MOBILE COUNTY.
### (1 Div. 286.)

(Court of Appeals of Alabama.   Oct. 28, 1919.)

1. COUNTIES ⟨key⟩146 — LIABLE IN DAMAGES FOR INJURY TO PROPERTY.

A county is liable for property taken, injured, or destroyed in the construction or enlargement of its highways by its authority, under its direction or by its agents or servants acting within the line or scope of their employment, in an appropriate action and upon proper proof, in view of Const. 1901, § 235.

2. COUNTIES ⟨key⟩146 — IN TRESPASS AGAINST COUNTY, PROOF MUST SHOW PARTICIPATION BY OFFICERS OF COUNTY.

In an action in trespass against county for injury to land in that dirt was taken therefrom to repair roads, proof of the actual participation on the part of the defendant in the damnifying act is essential to establish a right of recovery, and landowner must prove more than that an overseer, or foreman, and roadhands permitted the trespass, and must show that the board of review and road commissioners of the county participated in, authorized, or directed its agents in committing a trespass, or that it was afterwards recognized as the act of the county or ratified as such.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Mrs. Luella B. Warwick against Mobile County for trespass quare clausum fregit.   Judgment for defendant, and plaintiff appeals.   Affirmed.

The facts sufficiently appear from the opinion.

D. B. Cobbs, of Mobile, for appellant.

Counsel discusses the assignment of error, but without citation of authority.

Gordon & Edington, of Mobile, for appellee.

The county was not liable.   127 Ala. 567, 29 South. 29;  48 Ala. 657;  195 Ala. 338, 70 South. 259;  109 Ala. 235, 19 South. 1, 31 L. R. A. 193;  156 Ala. 354, 47 South. 135, 18 L. R. A. (N. S.) 884.

BROWN, P. J.   This is an action of trespass quare clausum fregit by the appellant against the appellee for damages resulting from the acts of the employés of the county in going upon the lands of the plaintiff and taking therefrom soil to be used in the repair of one of the county's public highways.

[1] That a county is liable "for property taken, injured or destroyed" in the construction or enlargement of its highways, by its authority, or under its direction, or by its agents or servants acting within the line and scope of their employment, in an appropriate action and upon proper proof, is not the subject of doubt.   Constitution 1901, § 235;  Dallas County v. Dillard, 156 Ala. 354, 47 South. 135, 18 L. R. A. (N. S.) 884;  Adler v. Pruitt, 169 Ala. 213, 53 South. 315, 32 L. R. A. (N. S.) 889;  County of Chester v. Brower, 117 Pa. 647, 12 Atl. 577, 2 Am. St. Rep. 713;  Wendel v. Spokane County, 27 Wash. 121, 67 Pac. 576, 91 Am. St. Rep. 825;  7 R. C. L., p. 954, § 29.

The right to compensation in such cases arises from the mandate of the Constitution that just compensation shall be made "for property taken, injured or destroyed" by the construction or enlargement of the works, highways or improvements, and is visited on municipalities and other corporations, and individuals vested with the privilege of taking property for public use.   Birmingham Traction Co. v. B. R. & E. Co., 119 Ala. 137, 24 South. 502, 43 L. R. A. 233;  E. & W. R. R. Co. v. E. T., V. & G. R. R. Co., 75 Ala. 280.

[2] Under the doctrine announced in the case of City Delivery Co. v. Henry, 139 Ala. 161, 34 South. 389, and followed in Ex parte L. & N. R. R. Co., 83 South. 52,[1] Bessemer Coal Co. v. Doak, 152 Ala. 166, 44 South. 627, 12 L. R. A. (N. S.) 389, and L. & N. R. R. Co. v. Abernathy, 197 Ala. 512, 73 South. 103, when the complaint is in trespass and ascribes the injury to force applied by the defendant, proof of the actual participation on the part of the defendant in the damnifying act is essential to establish a right of recovery, and in this case, while the evidence shows that the road hands in charge of an overseer or foreman committed the trespass, there is nothing in the evidence to authorize the conclusion that the board of revenue and road commissioners of the county participated in, authorized, or directed its agents in committing the trespass, or that it was afterwards recognized as the act of the county or ratified as such.   Therefore under these authorities the plaintiff failed to sustain the cause of action as laid in the complaint, and the court correctly rendered a judgment for the defendant.

Affirmed.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 203 Ala. 328.