142 So. 72

## MOBILE COUNTY v. BARNES–CREARY SUPPLY CO.
### 1 Div. 722.

Supreme Court of Alabama.
May 19, 1932.

Rehearing Denied June 9, 1932.

128

Inge, Stallworth & Inge, of Mobile, for appellee.

J. H. Webb, of Mobile, for appellant.

**GARDNER, J.**

Nothing on the former appeal (Mobile County v. Barnes-Creary Supply Co., 224 Ala. 168, 139 So. 270) is decisive of any question here presented.

The bill is rested upon the theory that the property of complainant is being taken, injured, or destroyed by the proposed improvement of the highway abutting its property, without compensation being first paid

therefor, in violation of section 235 of our State Constitution. It is settled by our decisions that the right to compensation for "injury" to land by the "construction or enlargement of its works, highways, or improvements" by any corporation (section 235, supra) is placed upon the same basis as the taking thereof, and that the same remedies and the limitations thereto apply to the one as to the other. Birmingham Belt Ry. Co. v. Lockwood, 150 Ala. 610, 43 So. 819.

■ Injunctive relief does not rest upon any averment of irreparable injury to the owner, but upon the inadequacy of the legal remedy to protect his constitutional right in its entirety, as a court of law is unable to compel the payment of compensation to the owner before his property is taken, injured, or destroyed. The ownership being admitted, or clearly established, and the fundamental law being plain that compensation must be paid before the property is taken, the owner is entitled to the intervention of a court of equity. Birmingham Belt Ry. Co. v. Lockwood, supra; Birmingham Traction Co. v. Birmingham Ry. & Elec. Co., 119 Ala. 129, 24 So. 368; Hargett v. Franklin County, 212 Ala. 423, 103 So. 40; City of Troy v. Watkins, 201 Ala. 274, 78 So. 50; Niehaus & Co. v. Cooke, 134 Ala. 223, 32 So. 728; City Council of Montgomery v. Lemle, 121 Ala. 609, 25 So. 919; Duy v. Ala. West. Ry. Co., 175 Ala. 162, 57 So. 724, Ann. Cas. 1914C, 1119; Dallas County v. Dillard, 156 Ala. 354, 47 So. 135, 18 L. R. A. (N. S.) 884; Warwick v. Mobile Co., 17 Ala. App. 206, 84 So. 396; Harris v. Town of Tarrant City, 221 Ala. 558, 130 So. 83; 29 Corpus Juris, 552.

■ The citation of the foregoing authorities should suffice to demonstrate that the bill has equity. But counsel for appellant (the county of Mobile) insist these principles are not here applicable for the reason that this particular highway was being improved under the supervision of the state and federal government authorities, to which Mobile county only contributed some of its funds as authorized by law, citing Local Acts 1927, p. 151, § 8; Gen. Acts 1927, pp. 355–392, §§ 23, 36, 38, 158, and 159; Adler & Co. v. Pruitt, 169 Ala. 213, 53 So. 315, 32 L. R. A. (N. S.) 889.

We are of the opinion, however, this argument overlooks the express provision of section 31 of the General Act above noted (General Acts 1927, p. 358) to the effect that as to such improvements the duty rested upon the county to acquire the right of way deemed necessary for the purpose without expense to the state, and that in the event the county fails or refuses to do so, the state may acquire the same either by purchase or by condemnation proceedings, at the expense of the county. The duty therefore was upon the county to acquire the right of way, and the county was a party to these improvements by a contribution of one-half the cost. True,

the improvements were upon the old right of way, but the level of the road in front of complainant's property was raised several feet and a viaduct in course of construction thereon, working injury to complainant's property, accepting of course as true the bill's averments. This the county could not do, under our Constitution and the above-noted authorities, without first having made compensation therefor.

■ Confessedly also the actual work was under state supervision, but the foundation duty of obtaining the right of way rested upon the county, a party to the project, and the county cannot escape responsibility for failure on its part, by reason of suggestions as to practical obstacles in the way of enforcement of injunctive relief. The equity of the bill being established, a court of equity, if the enforcement of such injunctive relief appears impracticable or unjust, has the power to so mold its decree as to award damages in lieu of such relief. 21 Corpus Juris, 143; 32 Corpus Juris, 384; Hill v. Johnson, 214 Ala. 194, 106 So. 814; Bullock v. Tuttle, 90 Ala. 435, 8 So. 69; Sims v. McEwen, 27 Ala. 184; Bromberg v. Eugenotto Con. Co., 158 Ala. 323, 48 So. 60, 19 L. R. A. (N. S.) 1175; Olive v. Fayette County, 219 Ala. 172, 121 So. 703.

The argument to the contrary is, we think, untenable.

We have examined the authorities relied upon by appellant (among them Finnell v. Pitts, 222 Ala. 290, 132 So. 2; Adler & Co. v. Pruitt, 169 Ala. 213, 53 So. 315, 32 L. R. A. [N. S.] 889; Hamilton v. Jefferson County, 209 Ala. 517, 96 So. 628; Phillips v. Tuscaloosa County, 212 Ala. 357, 102 So. 720), but we find nothing in them which militates against the conclusion here reached.

■ The insistence that complainant is estopped to now complain of the improvements finds no support in the bill, as it nowhere appears they were being constructed at complainant's invitation. Such was the case presented in O'Neill v. City of Birmingham, 221 Ala. 580, 130 So. 87, relied upon by appellant, but unsupported here by any averments of the bill.

■ It is further argued that the bill was demurrable for a failure to show a presentation of an itemized, verified claim against the county. Section 228, Code 1923; Jones v. Jefferson County, 206 Ala. 13, 89 So. 174. But we do not interpret the statute as applicable to a case of this character.

Application for injunction presupposes necessity for immediate action that adequate relief may be had. And, as said by the Washington court in Kiser v. Douglas County, 70 Wash. 242, 126 P. 622, 41 L. R. A. (N. S.) 1066, Ann. Cas. 1914B, 721, if the statute be so construed as applicable to such a case as this, "it would follow that in all cases where a claim for equitable relief existed the party

130

aggrieved would be obliged to suffer a threatened injury or invasion of property right before he could obtain redress or relief." And in Sammons v. Gloversville, 175 N. Y. 346, 67 N. E. 622, a similar statute was held to have no application to a suit on the equity side of the court. We think the holding of these authorities sound, and approve the same.

The case of Jones v. Jefferson County, supra, upon which appellant relies, was not a case of this character, but an action at law, and is here inapplicable.

We therefore conclude the demurrer to the bill was properly overruled, and the decree is due to be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and. FOSTER, JJ., concur.