167 So. 539

**TOWN OF YORK v. McALPIN.**

**2 Div. 70.**

Supreme Court of Alabama.

April 16, 1936.

Jno. A. Altman, of York, for appellant.

W. W. Patton, of Livingston, for appellee.

THOMAS, Justice.

The suit in equity was for an injunction to require the abatement of a nuisance, and for damages as the result of said nuisance.

The trial was by the court on testimony given ore tenus. The presumption must be indulged in favor of the findings made by the court and carried into the decree. Andrews et al. v. Grey, 199 Ala. 152, 74 So. 62; Grayson v. George et al., 226 Ala. 106, 145 So. 427; Rogers v. McLeskey, 225 Ala. 148, 142 So. 526.

 The authorities are to the effect that a nuisance such as is here complained of may be abated in a proper case, and damages ascertained and allowed by a court of equity. 14 Ency.Pl.&Pr. p. 1116. In Bowling v. Crook, 104 Ala. 130, 137, 138, 16 So. 131, 132, the rule is thus stated:

"The law is settled in this state that courts of equity have jurisdiction to enjoin trespasses upon land, but this jurisdiction is not exercised as a matter of course when a trespass has been committed by one person upon the land of another, or such a trespass is apprehended. If it appears that the rights involved are wholly legal, it must be shown that the remedy at law is inadequate. Equity will interfere when the trespass is recurrent, continuous, and to avoid a multiplicity of suits, and the title to the land is admitted, or is clearly in the plaintiff. 1 Pom.Eq. Jur. §§ 252, 255; East & West R. Co. v. East Tennessee, V. & G. R. Co., 75 Ala. 275; Nininger v. Norwood, 72 Ala. 277 [47 Am. Rep. 412]; Boulo v. New Orleans, M. & T. R. Co., 55 Ala. 480; Sullivan v. Rabb, 86 Ala. 433, 5 So. 746; Ashurst v. McKenzie, 92 Ala. 484, 9 So. 262."

And in Cobia et al. v. Ellis, 149 Ala. 108, 111, 42 So. 751, 752, the court, in treating this subject, said:

"To protect a landowner against constant or frequently recurring injuries from the wrongful diversion of water, equity has jurisdiction concurrent with courts of law, and will enjoin the wrongdoer without regard to his ability to respond in damages, since a single action at law will not furnish an adequate remedy, and a multiplicity of suits can be avoided by proceedings in chancery. Roberts v. Vest, 126 Ala. 355, 28 So. 412; Farris v. Dudley, 78 Ala. 124, 56 Am.Rep. 24; Nininger v. Norwood, 72 Ala. 277, 47 Am.Rep. 412."

 The many authorities from this and other jurisdictions are collected in 32 A.L. R. 465, to the effect that there being no question of disputed title, or at least that equitable relief is not barred on that ground, injunction is a proper remedy to restrain repeated or continuing trespasses where the remedy at law is inadequate because of the nature of the injury, or because of the necessity of multiplicity of actions to obtain redress. Some of our decisions are: Mobile County et al. v. Knapp, 200 Ala. 114, 75 So. 881; Woodstock Operating Corporation v. Quinn, 201 Ala. 681, 79 So. 253; Camp v. Conner et al., 205 Ala. 468, 88 So. 578;

Caples et al. v. Young et al., 206 Ala. 282, 89 So. 460.

 The evidence of the complainant, Reed, Tillery, Abrams, Hitt, and Brown shows the water overflowed on complainant's lot; the trial judge inspected the premises, the condition of the culverts, and the manner in which the same were installed and maintained, and rendered judgment for abatement and damages. That decree is affirmed.

Affirmed.

BOULDIN, BROWN, and KNIGHT, JJ., concur.