[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 602 
On August 18, 1999, three Jefferson County probation officers, Tom Ford, Michele Wells, and Cynthia Bunton-Welch ("the officers"), filed a civil action in the Jefferson County Circuit Court against Jefferson County and "Jefferson County Juvenile Services."[1] In their complaint, the officers alleged that they had been told on July 31, 1998, that they had to participate in the "Operations Nighttime Crime Eradicators" program ("the ONCE program"). According to their complaint, the officers signed a memorandum on August 7, 1998, directed to John Duke, Director of Juvenile Services, that "addressed matters of policy and of public concern" about the ONCE program. The officers' complaint alleged that after signing the memorandum they were subjected to "retaliatory treatment, including retaliatory transfers from Bessemer to Birmingham, retaliatory job assignments, denial of opportunities for advancement or promotion, singling individuals out, ostracism, and harassment, which has resulted in a hostile work environment." The officers alleged that the defendants' conduct violated their rights of free speech, as guaranteed by § 4, Alabama Constitution of 1901; that the defendants' conduct was a deprivation of their First Amendment rights actionable under42 U.S.C. § 1983; that the defendants had "negligently caused [them] to be subjected to harassment and a hostile and abusive work environment"; and that the defendants had "negligently supervised and/or trained employees which caused [the officers] to be subjected to retaliation and harassment." In addition to seeking damages, the officers' complaint sought injunctive and declaratory relief, as well as an award of attorney fees, costs, and expenses.
The defendants filed a motion to dismiss the officers' action. The motion to dismiss averred (1) that the complaint failed to state a claim upon which relief could be granted, and (2) that the officers had failed to file a claim against the Jefferson County Commission in accordance with § 6-5-20 and §11-12-1 et seq., Ala. Code 1975. Attached to the motion was an affidavit of the Jefferson County minute clerk indicating that she had searched the minutes of the Jefferson County Commission and had found that no claim had been filed by the officers. The officers filed a response in opposition to the defendants' motion, contending (1) that no notice of claim was required with respect to their federal claim; (2) that a grievance notice filed with *Page 603 
the Jefferson County Personnel Board satisfied the requirements of § 6-5-20 and § 11-12-1 et seq.; (3) that their complaint constituted sufficient compliance with § 6-5-20; and (4) that they should be allowed to amend the complaint to state that they had submitted a detailed notice of claim to the Jefferson County Commission and the county's attorney. The trial court entered a judgment for the defendants on the authority of § 11-12-1 et seq. and § 6-5-20, Ala. Code 1975, based upon "the failure of the [officers] to file a claim against the County Commission." The officers appealed to the Alabama Supreme Court, which transferred the appeal to this court.
Although the trial court's judgment purports to dismiss the officers' action, we note that evidentiary material was submitted in support of the defendants' motion seeking dismissal. Rule 12(b), Ala.R.Civ.P., provides, in pertinent part, that "[i]f, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Because the trial court necessarily relied upon the minute clerk's affidavit, a document outside the pleadings, in concluding that the officers did not comply with the notice requirements of § 6-5-20 and § 11-12-1 et seq., Ala. Code 1975, we will treat the judgment appealed from as a summary judgment in favor of the defendants. Brindley v.Cullman Regional Med. Ctr., 709 So.2d 1261, 1263 (Ala.Civ.App. 1998).
We now turn to the merits of the officers' appeal. Section6-5-20, Ala. Code 1975, provides, in pertinent part, that "[a]n action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant." Pertinent sections of Title 11, chapter 12, Ala. Code 1975, provide that claims against counties must be itemized by the claimant or someone "having personal knowledge of the facts" and must be presented for allowance within 12 months after their accrual. See §§ 11-12-5 and 11-12-8, Ala. Code 1975. Under Alabama law, as a general matter, presentation of a claim to a county pursuant to these statutes is a "condition precedent to the maintenance of a lawsuit against the county." Groeschner v.County of Mobile, 512 So.2d 70, 72 (Ala. 1987).
We first consider whether these statutes apply to the officers' claim arising under the United States Constitution and42 U.S.C. § 1983. In Felder v. Casey, 487 U.S. 131 (1988), the United States Supreme Court considered the effect of a Wisconsin notice-of-claim statute on a § 1983 claim. That statute provided that before an action could be brought in that state's courts against a state or local governmental entity or officer, the governmental defendant must be notified of (1) the circumstances giving rise to the claim, (2) the amount of the claim, and (3) the plaintiff's intent to hold the named defendant liable. The statute also required that the notice be filed within 120 days of the alleged injury, and that suit be brought within six months of the disallowance of the plaintiff's claim.
The Wisconsin Supreme Court had held that that state's notice-of-claim statute could be applied to bar a federal civil-rights action in a state court against a Wisconsin municipality and some of its police officers. However, the United States Supreme Court disagreed, holding that the notice-of-claim statute conflicted with § 1983's remedial objectives, that its enforcement would often produce a different outcome in state-court § 1983 litigation than would be obtained in a federal court, and that the notice-of-claim statute was therefore preempted under the Supremacy Clause of the United States Constitution:
 "In enacting § 1983, Congress entitled those deprived of their civil rights to recover full compensation from the governmental officials responsible for those deprivations. A state law that *Page 604 
conditions that right of recovery upon compliance with a rule designed to minimize governmental liability, and that directs injured persons to seek redress in the first instance from the very targets of the federal legislation, is inconsistent in both purpose and effect with the remedial objectives of the federal civil rights law. Principles of federalism, as well as the Supremacy Clause, dictate that such a state law must give way to vindication of the federal right when that right is asserted in state court."
487 U.S. at 131.
Because §§ 6-5-20, 11-12-5, and 11-12-8 impose similar conditions upon the officers' right of recovery against the defendants in this case to those sought to be imposed upon the plaintiff in Felder, those laws, like the Wisconsin notice-of-claim statute in Felder, "must give way to vindication of the federal right." Id. "We are, of course, bound by decisions of the Supreme Court of the United States construing federal statutes," Lawson v. Reeves, 537 So.2d 15, 16 (Ala. 1988), and "[e]very Court in this state is obliged to apply the decisions of the United States Supreme Court interpreting the United States Constitution." Harris v. State, 387 So.2d 868, 871
(Ala. 1980). Accordingly, we conclude that the trial court erred in applying the county notice-of-claim statutes to the officers' claim arising under the United States Constitution and 42 U.S.C. § 1983.
See also Morrow v. Town of Littleville, 576 So.2d 210,215-16 (Ala. 1991) (holding that Alabama's notice-of-claim statute applicable to claims against municipalities was inapplicable to a § 1983 claim against municipality); Moore v. Morgan,922 F.2d 1553, 1556 n. 3 (11th Cir. 1991) (indicating that even had county commissioners asserted a defense in the lower court to the plaintiff's § 1983 claim based upon Alabama's notice-of-claim statutes, that defense would likely have been rejected by the appellate court on the basis of Felder).
The defendants assert that the officers' complaint did not state a valid claim upon which relief could be granted because, they say, the officers' speech was not actually protected under the First Amendment. However, at this stage of the case, the defendants have not met their burden of production under Rule 56, Ala.R.Civ.P., as to that substantive issue so as to warrant a summary judgment on the merits of the officers' federal claim.See Ex parte General Motors Corp., 769 So.2d 903,908 (Ala. 1999) (discussing burden of production of party movant for a summary judgment that does not have the burden of proof at trial). While the evidence may yet reveal that the officers' speech was outside First Amendment protection, the defendants are not entitled to a summary judgment at this time.
We must now decide whether the trial court erred in entering a summary judgment in favor of the defendants on the officers' claims arising under state law. Initially, we note a crucial distinction, with respect to the applicability of the notice-of- claim statutes, between legal and equitable forms of relief. InMobile County v. Barnes-Creary Supply Co., 225 Ala. 127,142 So. 72 (1932), the Alabama Supreme Court considered the propriety of an injunction preventing a county, as well as other entities, from constructing a highway abutting the complainant's property where the complainant had not presented his claim to the county commission before filing a suit in equity. The Alabama Supreme Court affirmed the injunction, reasoning:
 "It is further argued that the bill was demurrable for a failure to show a presentation of an itemized, verified claim against the county. Section 228, Code 1923 [now § 11-12-8, Ala. Code 1975]; Jones v. Jefferson County, 206 Ala. 13, 89 So. 174 [1921]. But we do not interpret the statute as applicable to a case of this character.
 "Application for injunction presupposes necessity for immediate action that adequate relief may be had. And, *Page 605 
as said by the Washington court in Kiser v. Douglas County, 70 Wn. 242, 126 P. 622 [1912], if the statute be so construed as applicable to such a case as this, `it would follow that in all cases where a claim for equitable relief existed the party aggrieved would be obliged to suffer a threatened injury or invasion of property right before he could obtain redress or relief.' And in Sammons v. Gloversville, 175 N.Y. 346, 67 N.E. 622 [1903], a similar statute was held to have no application to a suit on the equity side of the court. We think the holding of these authorities sound, and approve the same.
 "The case of Jones v. Jefferson County, supra, upon which appellant relies, was not a case of this character, but an action at law, and is here inapplicable."
225 Ala. at 129-30, 142 So. at 73-74. Thus, it would appear that the county notice-of-claim statutes are inapplicable to claims that seek historically equitable (as opposed to legal) remedies. To the extent that the trial court's judgment barred the issuance of permanent injunctive[2] relief against the defendants based upon the deprivations of state constitutional rights of free speech asserted by the officers, the trial court erred in entering the summary judgment in favor of the defendants on the basis of the notice-of-claim statutes.
We now consider whether the trial court correctly entered the summary judgment in favor of the defendants as to those aspects of the officers' state-law claims seeking monetary and declaratory relief. Relying principally upon Diemert v. City of Mobile,474 So.2d 663 (Ala. 1985), which held that filing of a complaint against a city within six months of the accrual of a cause of action substantially satisfied the requirements of Alabama's municipal notice-of-claim statutes (§§ 11-47-23 and 11-47-192, Ala. Code 1975), the officers contend that their complaint in this case constituted substantial compliance with the notice-of-claim statutes applicable to counties.
However, although cases such as Diemert that construe municipal notice-of-claim statutes are "analogous to, and therefore persuasive in the construction of, the statutes applicable to counties, at least insofar as the two sets of statutes do not conflict," Elmore County Commission v. Ragona,540 So.2d 720, 723 (Ala. 1989), there is a distinction in the statutory framework governing county notice-of-claim issues that renders Diemert inapplicable in this context. As we have noted, §6-5-20 provides that an action may not be commenced against a county until the claim giving rise to that action has, among other things, been presented to the county commission. That section envisions a distinction between an "action" and a "claim" that does not appear in § 11-47-23 and § 11-47-192, which refer only to "presentment" and "filing" with a municipal clerk of a "statement" or "claim" rather than to both a "claim" and an "action." Indeed, in several cases since Diemert, § 6-5-20 has been interpreted as requiring a county commission to reject a claim after presentment before an action may be filed on that claim. E.g., Callens v.Jefferson County Nursing Home, 769 So.2d 273 (Ala. 2000) (§6-5-20 prevented plaintiff or personal representative from filing a lawsuit against county until county commission had acted on notice of claim or until the expiration of 90 days); Jefferson County v.Flanagan, 722 So.2d 763, 766 (Ala.Civ.App. 1998) (action cannot be maintained until the claim has been presented to county commission and disallowed). In this case, the Jefferson County Commission was not permitted to pass upon the validity of the officers' state-law claims before *Page 606 
being haled into court to defend an action raising them.
Contrary to the officers' contentions, Ragona did not "adopt"Diemert's holding in its entirety. Rather, in the face of a county's challenge to the sufficiency of a pre-action notice, theRagona court reasoned from Diemert that "relatively minor deficiencies" in an otherwise proper notice should not be legally objectionable. Although Ragona held that a plaintiff's attorney could file a notice of claim with the county (despite the "personal knowledge" requirement of § 11-12-5, Ala. Code 1975) and that the notice filed with the county in that case was sufficiently "itemized," no part of that opinion held that a "claim" and an "action" were one and the same under § 6-5-20. Thus, we reject the officers' contention that their complaint was sufficient notice of any state-law claims to fulfill § 6-5-20.See also Large v. City of Birmingham, 547 So.2d 457 (Ala. 1989) (holding, in a case involving municipal notice statutes, that actual notice could not replace the statutory formal notice-of-claim requirement, and that mere knowledge of the incident resulting in injury does not satisfy the objectives of notice-of-claim statutes).
Similarly, we reject the officers' contention that they properly presented their claim to the Jefferson County Commission by filing a grievance with the Jefferson County Personnel Board ("the Personnel Board"). First, the record reveals that only two of the three officers (Ford and Wells) filed a grievance with the Personnel Board. Second, the unverified grievance filed by Ford and Wells with the Personnel Board does not amount to an "itemized" claim against the defendants (as required by § 11-12-5, Ala. Code 1975) because it did not recite "the alleged basis for the county's liability for damages resulting from the event or transaction, the nature of the damages, and the compensation demanded." Ragona, 540 So.2d at 723. Finally, it is unlikely that the Personnel Board would have had the competency to consider the officers' damage claims or the constitutional challenges raised by the officers to the actions of the defendants. See Exparte Boyette, 728 So.2d 644 (Ala. 1998) (holding that probation officer could not have raised his federal age-discrimination claim before the Jefferson County Personnel Board; citing Ex parteAveryt, 487 So.2d 912 (Ala. 1986)).
The officers also contend that by preparing and filing notices of claim in October 1999, they cured any defect in failing to present the Jefferson County Commission with a notice of claim before filing their action. However, the officers did not present evidence rebutting the defendants' prima facie showing that no notice of claim had ever been filed with the Jefferson County Commission. Although the officers filed a response to the defendants' motion to dismiss (i.e., summary-judgment motion) to which they attached three documents purporting to be notices of claim, those documents were not certified or otherwise authenticated such that the trial court had a duty to consider them. See Power Equip. Co. v. First Alabama Bank,585 So.2d 1291, 1299 (Ala. 1991). Moreover, those documents are not dated, and do not bear any indicia of ever having been filed with the Jefferson County Commission, much less within 12 months of the initial accrual of the claims as required by § 11-12-8, Ala. Code 1975. Finally, even had the documents been authenticated as having been actual notices of claim filed with the Jefferson County Commission in October 1999, § 6-5-20 would still require a judgment in favor of the defendants because those notices of claim would have been filed after the commencement of this action; as the Alabama Supreme Court stated in Marshall County v. Uptain,409 So.2d 423, 425 (Ala. 1981), "[a]n action may not be commenced
against a county until the claim is presented" (emphasis added).
Based upon the foregoing facts and authorities, we conclude that the trial court erred in entering the summary judgment in favor of the defendants as to the officers' *Page 607 
federal claim and as to the injunctive-relief demand of the officers' state free-speech deprivation claim; we reverse the summary judgment as to those issues and remand for further proceedings. In all other respects, the summary judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.
[1] There is no indication in the record as to whether "Jefferson County Juvenile Services" is, in fact, a legal entity that can be named as a defendant in a civil action, and we express no opinion on that issue. In deciding this appeal, we have assumed, based upon its alignment with Jefferson County, that "Jefferson County Juvenile Services" is an arm of that county having the same liabilities on, and defenses to, the officers' claim as Jefferson County has.
[2] Although the officers contend that declaratory relief is also permitted, that form of relief is not, under the facts of this case, equitable relief such that Barnes-Creary would apply. A declaratory judgment establishing a legal relationship or a legal status, such as that sought by the officers, is a legal, not an equitable, judgment. Ex parte Bennett, 622 So.2d 1307, 1309
(Ala. 1993).