*13
 
 WISE, Justice.
 

 Clinton Hobbs and Wanda Hobbs appeal from a judgment of the Mobile Circuit Court, granting a motion to dismiss in favor of defendant Mobile County (“the County”)- We affirm in part, reverse in part, and remand.
 

 Facts and Procedural History
 

 The Hobbses filed a complaint against the County, Thompson Engineering, Inc., and Hosea 0. Weaver & Sons, Inc. (“the defendants”). They alleged the following facts in their complaint:
 

 “In June 2001, [the Hobbses] purchased that certain real property generally described _at Celeste Court, Sara-land, Alabama. Subsequent to the purchase of their homestead property, [the Hobbses] spent substantial time and money making improvements to same including the construction of a pond located on their property which is comprised of five (5) acres more or less.
 

 “... On information and belief, beginning sometime in 2008, at or near the [Hobbses’] homestead, Defendants undertook a project denominated as ‘MCR 2000-007 Celeste Road’ whereby certain road and storm water drainage system work was performed by Hosea O. Weaver
 
 &
 
 Sons under contract with Mobile County and/or Thompson Engineering. Thompson Engineering designed the modifications to the existing County roadway (Celeste Road) and also designed modifications to the storm water capture and drainage system in the area. Thompson Engineering performed this work pursuant to a contract it had with Mobile County. Mobile County assumed a duty and is under a responsibility under the law to design, maintain and construct adequate and reasonable storm water drainage and flood control measures for this area of the County....
 

 “... As a result of the faulty design, construction and maintenance of the afore described road work and storm water management system, vast amounts of storm water now flow onto [the Hobbses’] property, depositing silt, dirt, mud and other debris, where such events did not occur before the construction project. The [Hobbses’] home and real property, including the pond referenced above, has, within the past two (2) years, sustained damage, diminution of value, and the [Hobbses’] right to the peaceful use and enjoyment of their property, including, but not limited to, use as a church retreat, has been interfered with.
 

 “... The first flooding event (subsequent to and as a result of the Defendants’ work on this project) which damaged [the Hobbses’] property occurred in July 2008; further flooding events have occurred on numerous, subsequent occasions preceding the filing of this suit. Plaintiff, Pastor Clinton Hobbs, has exhausted all efforts to have Mobile County and/or the Defendants remediate the flooding problems caused by the faulty design, construction and maintenance of the roadway and storm water system. These efforts have proved utterly fruitless in that flooding onto and damage to the [Hobbses’] property is continuing to the present. [The Hobbs-es] aver that each flooding event is a separate occurrence and injury.”
 

 In count I of their complaint, the Hobbs-es asserted a claim for damages against the defendants as a result of alleged negligence and/or wantonness in the design, construction, and/or maintenance of the drainage system. In count II of their complaint, they asserted a claim for damages based on nuisance and trespass as a result of the alleged negligent design, construction, and/or maintenance of the road
 
 *14
 
 way and drainage system. Finally, in count III of their complaint, the Hobbses asserted a claim for injunctive relief. The County filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P., for failure to state a claim upon which relief could be granted and a brief in support of that motion, arguing that it was entitled to a dismissal of the Hobbses’ action against it based on the Hobbses’ failure to give notice of their claims before filing their complaint, pursuant to § 6-5-20 and § 11-12-8, Ala.Code 1975. The Hobbses filed a response to the motion to dismiss, and the County replied to them response.
 

 After conducting a hearing on the motion, the circuit court on September 17, 2010, entered an order granting the County’s motion to dismiss without stating the grounds therefor. On September 29, 2010, the Hobbses filed a notice of appeal to this Court. Because the judgment appealed from did not appear to be a final judgment, this Court on February 4, 2011, remanded the case to the circuit court for that court (1) to certify the interlocutory order of September 17, 2010, as a final judgment under Rule 54(b), Ala. R. Civ. P.; (2) to adjudicate the remaining claims relating to Thompson Engineering, Inc., and Hosea O. Weaver <& Sons, Inc., thereby making the interlocutory order final and appealable; or (3) to take no action, in which event the appeal would be dismissed as being from a nonfinal judgment. On February 8, 2011, the circuit court certified the interlocutory order of September 17, 2010, as a final judgment under Rule 54(b), Ala. R. Civ. P.
 

 Standard of Review
 

 “On appeal, a dismissal is not entitled to a presumption of correctness.
 
 Jones v. Lee County Commission,
 
 394 So.2d 928, 930 (Ala.1981);
 
 Allen v. Johnny Baker Hauling, Inc.,
 
 545 So.2d 771, 772 (Ala.Civ.App.1989). The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief.
 
 Raley v. Citibanc of Alabama/Andalusia,
 
 474 So.2d 640, 641 (Ala.1985);
 
 Hill v. Falletta,
 
 589 So.2d 746 (Ala.Civ.App.1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail.
 
 Fontenot v. Bramlett,
 
 470 So.2d 669, 671 (Ala.1985);
 
 Rice v. United Ins. Co. of America,
 
 465 So.2d 1100, 1101 (Ala.1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.
 
 Gannett v. Hadden,
 
 495 So.2d 616, 617 (Ala.1986);
 
 Hill v. Kraft, Inc.,
 
 496 So.2d 768, 769 (Ala.1986).”
 

 Nance v. Matthews,
 
 622 So.2d 297, 299 (Ala.1993).
 

 Issue
 

 The Hobbses raise the following issue on appeal: Whether the circuit court erred in granting the County’s Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss based upon the Hobbses’ failure to present the County with timely claims pursuant to § 11-12-1 et seq. and § 6-5-20, Ala.Code 1975, when the relief the Hobbses seek is, in part, injunctive relief, which is historically equitable relief, and such equitable claims are not subject to the notice provisions of § 11-12-1 et seq. and § 6-5-20 by virtue of the holding in
 
 Ford v. Jefferson County,
 
 774 So.2d 600 (Ala.Civ.App.2000).
 

 
 *15
 

 Discussion
 

 In its motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6), Ala. R. Civ. P., and its brief in support of that motion and again in its brief to this Court, the County, citing § 6-5-20 and § 11-12-8, argues that it was entitled to a dismissal of the Hobbses’ claims against it because the Hobbses had not presented notice of their claims against the County to the county commission within 12 months after the claims accrued. In their brief to this Court, the Hobbses concede that they did not provide notice of their claims to the County within that 12-month period. (Hobbses’ brief, at p. 10.)
 

 Section 6-5-20(a), Ala.Code 1975, provides:
 

 “An action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant.”
 

 Section 11-12-8, Ala.Code 1975, provides:
 

 “All claims against counties must be presented for allowance within 12 months after the time they accrue or become payable or the same are barred, unless it be a claim due to a minor or to a lunatic, who may present such claim within 12 months after the removal of such disability.”
 

 This Court discussed the applicability of § 6-5-20 and § 11-12-8, Ala.Code 1975, to a similar situation in
 
 Wheeler v. George,
 
 39 So.3d 1061, 1088 (Ala.2009), and stated:
 

 “Section 11-1-2, Ala.Code 1975, provides: ‘Every county is a body corporate, with power to sue or be sued in any court of record.’ A county is not immune from suit, therefore, because it is a governmental entity. However, all claims against a county, whether in tort or in contract, must comply with the requirement of a presentment of an itemized, verified claim to the county commission. As this Court stated in
 
 Cook v. St. Clair County,
 
 384 So.2d 1, 5 (Ala.1980):
 

 “ ‘There is no restriction to the type of suit that may be brought against the county — tort or contract. The only requirements that must be met regarding a suit against a county are set out in §§ 6-5-20(a), 11-12-5, 11-12-6, and 11-12-8, Code 1975 requiring presentment of an itemized, verified claim, to the county commission within twelve months of accrual, and acted on within ninety days prior to commencement of the suit.’
 

 “It is undisputed that neither [of the plaintiffs] presented a claim to the County Commission at any time. This failure to file the statutorily mandated claim acts as a procedural bar to all claims against the County and the County Commission. The summary judgment entered in their favor is due to be affirmed.... ”
 

 Likewise, in this case, the Hobbses did not comply with the requirement of presentment of their claims to the county commission before filing suit. Consequently, they concede that their claims presented in counts I and II of the complaint alleging negligence and wantonness (count I) and trespass and nuisance (count II) are barred by § 6-5-20 and § 11-12-8, Ala. Code 1975. However, citing
 
 Ford v. Jefferson County,
 
 supra, the Hobbses argue that an exception to the presentment requirement exists in cases in which the plaintiff seeks historically equitable (as opposed to legal) remedies. Therefore, they argue, because count III of the complaint seeks injunctive relief, that count was not barred.
 

 
 *16
 
 Count III of the Hobbses’ complaint sets forth the following allegations and prayer for relief:
 

 “[The Hobbses] aver that while the damage to the [Hobbses’] property is continuing in nature, the harm is abata-ble. [The Hobbses] further aver that absent the intervention of this Court’s equitable jurisdiction, [the Hobbses] will continue to suffer damage and irreparable harm to their property, for which there is no adequate remedy at law, and will continue to suffer personally if action is not taken by the Court to enjoin Defendants from failing to abate the trespass and nuisance caused by their joint and several acts and omissions. [The Hobbses] pray for an Order of Injunction as follows:
 

 “a) enjoining the Defendants and otherwise ordering the abatement of the channelization of water and other debris onto [the Hobbses’] property and ordering the remediation of the defects and deficiencies in the roadway and drainage system as well as to the [Hobbses’] property, including [the Hobbses’] pond;
 

 “b) awarding attorneys fees and other costs and expenses to which the [Hobbses] are entitled under the premises;
 

 “c) awarding such other relief as may be equitable and to which the [Hobbses] are entitled.”
 

 In
 
 Ford,
 
 supra, three Jefferson County probation officers sued Jefferson County and “Jefferson County Juvenile Services,” seeking damages and injunctive and declaratory relief. 774 So.2d at 602. The county defendants moved to dismiss the complaint, alleging, in part, that the officers had not properly filed their claims against Jefferson County in accordance with § 6-5-20 and § 11-12-1 et seq., Ala. Code 1975. The trial court entered a judgment for the county defendants, and the officers appealed.
 

 The Alabama Court of Civil Appeals reversed the trial court’s judgment with regard to the officers’ claims for injunctive relief, reasoning as follows:
 

 “[W]e note a crucial distinction, with respect to the applicability of the notiee-of-claim statutes, between legal and equitable forms of relief. In
 
 Mobile County v. Barnes-Creary Supply Co.,
 
 225 Ala. 127, 142 So. 72 (1932), the Alabama Supreme Court considered the propriety of an injunction preventing a county, as well as other entities, from constructing a highway abutting the complainant’s property where the complainant had not presented his claim to the county commission before filing a suit in equity. The Alabama Supreme Court affirmed the injunction, reasoning:
 

 “ ‘It is further argued that the bill was demurrable for a failure to show a presentation of an itemized, verified claim against the county. Section 228, Code 1923 [now § 11-12-8, Ala.Code 1975];
 
 Jones v. Jefferson County,
 
 206 Ala. 13, 89 So. 174 [1921]. But we do not interpret the statute as applicable to a case of this character.
 

 “ ‘Application for injunction presupposes necessity for immediate action that adequate relief may be had. And, as said by the Washington court in
 
 Kiser v. Douglas County,
 
 70 Wash. 242, 126 P. 622 [1912], if the statute be so construed as applicable to such a case as this, “it would follow that in all cases where a claim for equitable relief existed the party aggrieved would be obliged to suffer a threatened injury or invasion of property right before he could obtain redress or relief.” And in
 
 Sammons v. Gloversville,
 
 175 N.Y. 346, 67 N.E. 622 [1903], a similar statute was held to have no applica
 
 *17
 
 tion to a suit on the equity side of the court. We think the holding of these authorities sound, and approve the same.
 

 “‘The case of
 
 Jones v. Jefferson County,
 
 supra, upon which appellant relies, was not a case of this character, but an action at law, and is here inapplicable.’
 

 “225 Ala. at 129-30, 142 So. at 73-74.
 
 Thus, it would appear that the county notice-of-claim statutes are inapplicable to claims that seek historically equitable (as opposed to legal) remedies.
 
 To the extent that the trial court’s judgment barred the issuance of permanent injunctive relief against the defendants based upon the deprivations of state constitutional rights of free speech asserted by the officers, the trial court erred in entering the summary judgment in favor of the defendants on the basis of the notice-of-claim statutes.”
 

 Ford,
 
 774 So.2d at 604-05 (footnote omitted; emphasis added).
 

 The County argues that the exception to the notice-of-claim statutes noted in
 
 Ford
 
 does not apply in this case because, it says, the Hobbses did not seek historically equitable relief. Specifically, the County contends that, because the Hobbses sought to force or compel the County to act, rather than to prevent it from acting, the relief sought “is clearly beyond that contemplated by the court in
 
 Ford.”
 
 (County’s brief, at p. 14.) The County also argues that the Hobbses are precluded from seeking equitable relief because they allegedly had an adequate remedy at law to compensate them for the damage but did not timely pursue that remedy. In response, the Hobbses argue:
 

 “One Alabama legal authority defines an injunction as ‘a command to a person to do or refrain from doing an act. It may be mandatory, requiring the person to restore things to a former condition, or it may be prohibitory, which restrains a person from the continuance of some act which is injurious to the Plaintiff. The injunction is the most effective and extensive of all equable remedies.... Its history is lost in antiquity.’ McCloud, Grover S.,
 
 Equable Remedies and Extraordinary Writs in Alabama
 
 (2nd Edition) (1994) p. 134. It is recognized under Alabama law that an injunction is an appropriate remedy where the trespass is of a continuous or repeated nature. See,
 
 Orso v. Cater,
 
 272 Ala. 657, 133 So.2d 864 (1961). Equity has jurisdiction to enjoin continuing trespasses.
 
 Monsanto Chemical Co. v. Fincher,
 
 272 Ala. 534, 133 So.2d 192 (1961).
 

 “[The County] claims that the holding in
 
 Ford
 
 does not apply because the [Hobbses] ‘seek to force the County to act.’ [County’s] Brief, p. 14. In fact, [the Hobbses] seek an order from the trial court enjoining the [County] from allowing the continuing trespass to occur. To the extent that requires action on the part of Mobile County, such is not beyond the scope of the historically equitable remedy of an injunction, nor does it make an injunction something other than a equitable remedy....
 

 [[Image here]]
 

 “[The County] also claims that [the Hobbses] had an adequate remedy at law. The alleged facts belie that position. The condition that now exists, as alleged, which causes injury and damage to the [Hobbses’] property will continue to so exist unless and until remedial action is taken. Again, the [Hobbses’] claim[] for injunctive relief is for the abatement of a continuing tort which will continue after every significant rainfall event to the detriment of [the Hobbses’] peaceful use and enjoyment of their property as well as to the value of
 
 *18
 
 same. No amount of legal damages will bring the matter to status quo or otherwise protect the Hobbs[es] from further damage.”
 

 (Hobbses’ reply brief, at pp. 2-3, 4.) We find the Hobbses’ arguments more persuasive.
 

 In
 
 Town of York v. McAlpin,
 
 232 Ala. 158, 167 So. 539 (1936), the plaintiff brought a suit in equity to require the abatement of a nuisance and the payment of damages as a result of the nuisance when culverts were constructed in such a way as to cause surface water to overflow onto his property. The lower court rendered a judgment abating the nuisance and awarding damages, and this Court affirmed the judgment, noting initially: “The authorities are to the effect that a nuisance such as is here complained of may be abated in a proper case, and damages ascertained and allowed by a court of equity.”
 
 McAlpin,
 
 232 Ala. at 159, 167 So. at 539. The Court also held: “[Ijnjunction is a proper remedy to restrain repeated or continuing trespasses where the remedy at law is inadequate because of the nature of the injury, or because of the necessity of multiplicity of actions to obtain redress.” 232 Ala. at 159, 167 So. at 540.
 

 In this case, the Hobbses sought an injunction to abate a continuing trespass. Based on the authorities cited herein, the County’s arguments that the Hobbses were not seeking historically equitable relief and that they had an adequate remedy at law are without merit. The Hobbses sought historically equitable relief — i.e., an injunction — in count III of their complaint. Based on the holding in
 
 Ford,
 
 that claim is not barred by § 6-5-20 and § 11-12-8, Ala.Code 1975. Therefore, the circuit court erred to the extent it dismissed count III of the complaint based on the Hobbses’ failure to notify the County of their claim within the statutory 12-month period.
 

 Conclusion
 

 For the above-stated reasons, we affirm the circuit court’s judgment of dismissal as to counts I and II of the complaint as to the County. As to count III of the complaint, we reverse the circuit court’s judgment of dismissal, and we remand the case for further proceedings.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 COBB, C.J., and WOODALL, STUART, BOLIN, PARKER, MURDOCK, SHAW, and MAIN, JJ., concur.